SAMUEL I. GORDON V. FRANK E. MOORES ET AL.

FILED FEBRUARY 20, 1901.   No. 11,770.

1. **Metropolitan Cities: STATUTE: CONSTITUTION: REMOVAL OF POLICE MAGISTRATE.** Section 103 of the charter of metropolitan cities, (Session Laws, 1897, ch. 10), to the extent that it assumes to confer upon the district courts authority to remove police magistrates for misconduct in office, is legislation prohibited by the constitution and, therefore, void.

2. **Removal for Official Misconduct: DISTRIBUTION OF POWERS: QUÆRE.** Whether the power to remove an officer for official misconduct can be concurrently exercised by two departments of the government without violating the provision of the constitution relating to the distribution of powers, *Quære*.

ERROR from the district court for Douglas county. Tried below before DICKINSON, J.   *Reversed.*

*Jefferis & Howell Wright & Stout* and *Brome & Burnett,* for plaintiff in error.

*W. J. Connell, contra.*

SULLIVAN, J.

In the district court for Douglas county Samuel I. Gordon, the plaintiff in error, was found guilty of official misconduct and removed from his office as police judge of the city of Omaha. The proceeding which resulted in the judgment of removal was commenced under the authority of section 103 of the city charter (Session Laws, 1897, ch. 10), which is here set out:

"Sec. 103. The power to remove from his office the mayor or any councilman or other officer mentioned in this act, for good and sufficient cause, is hereby conferred upon the district court for the county in which such city is situated, when not otherwise herein provided, and whenever any three of the city councilmen shall make and file with the clerk of said court the proper charges and specifications against the mayor, alleging and show-

ing that he is guilty of malfeasance and misfeasance as
such officer, or that he is incompetent, or neglects any of
his duties as mayor, or that for any other good and suffi-
cient cause stated, he should be removed from his office
as mayor or whenever the mayor or any three council-
men shall make and file with the clerk of said court the
proper charges and specifications against any councilman
or other officer mentioned in this act, alleging and show-
ing that he is guilty of malfeasance or misfeasance in
such office, or that he is incompetent or neglects any of
his duties, or that for any other good and sufficient cause
stated, he should be removed from his office, the judge of
such court may issue the proper writ, requiring such of-
ficer to appear before him, on a day therein named, not
more than ten days after the service of such writ, together
with a copy of such charges and specifications, upon such
officer to show cause why he should not be removed from
his office. The proceedings in such case shall take pre-
cedence of all civil causes and be conducted according
to the rules of such court in such cases made and pro-
vided, and such officer may be suspended from the duties
of his office during the pendency of such proceedings by
order of said court. During the time any officer is sus-
pended the mayor and council may appoint any com-
petent person to perform the duties of the officer sus-
pended and provide for his compensation, and require
him to execute a sufficient bond for the faithful perform-
ance of the duties of the office."

Counsel for Gordon contend that the legislature was
without authority to confer upon the district court the
jurisdiction which it assumed to exercise, and that the
judgment of removal should, therefore, be annulled. The
provision of the constitution (art. 6, sec. 19) upon which
it is claimed the legislature encroached in adopting sec-
tion 103, is as follows: "All laws relating to courts shall
be general, and of uniform operation, and the organiza-
tion, jurisdiction, powers, proceedings, and practice of
all courts of the same class or grade, so far as regulated

by law, and the force and effect of the proceedings, judg-
ments, and decrees of such courts, severally, shall be uni-
form." Prior to the adoption of the first act (Session
Laws, 1887, ch. 10) providing for the incorporation and
government of cities of the metropolitan class, the power
to remove police magistrates for official misconduct was
not possessed by the district courts, or any of them. This
we believe is conceded. The power to remove police
judges of metropolitan cities was given to the district
court by the act of 1887, and is continued in force by
section 103 of the present charter. If that section is con-
stitutional and valid, all district courts have power
within their territorial limits to remove for misconduct
police judges of metropolitan cities; but authority to re-
move police judges of cities of inferior rank is not vested
in any of such courts. The various charters classify cit-
ies; they do not of course assume to classify courts. The
provision of the constitution above quoted, as we under-
stand it, means that courts of the same grade or class
shall have equal powers—equal authority to hear and
determine the same class of cases. The district court of
Douglas county has ousted the plaintiff in error from
the office of police judge of a metropolitan city; and if
section 103 is valid, the district court of any other county
in the state may exercise the same power whenever a
like case shall arise within its territorial jurisdiction.
The constitutional rule of uniformity that we are now
considering is not violated if all courts of the same grade
have jurisdiction of the same matters and equal authority
in dealing with them. That is the principle established
by *State v. Magney*, 52 Nebr., 508. But a police judge, like
a justice of the peace, is a constitutional officer, and the
power to remove him is precisely the same power whether
he holds his commission from a city of the highest or the
lowest rank. If the legislature had given the district
courts in counties under the township system of govern-
ment power to remove justices of the peace for official
misconduct, while permitting the power of removal to

remain with the county commissioners in all other counties, it would hardly be contended that the rule of uniformity had not been violated. It would be at once perceived that the form of county government could not change in any degree the essential nature of the power of removal, and that the jurisdiction which was given to the courts in one class of counties was in all respects identical with that which was denied to courts of the same grade in another class of counties. Under our constitution, jurisdiction to deprive justices of the peace of their offices can not be made to depend upon a classification of counties any more than can jurisdiction to deprive them of their property. This is equally true of police magistrates. Their rank and powers are the same wherever their functions may be exercised. They all belong to one class—as much so as justices of the peace or county courts; and when the legislature undertook by section 103 to give district courts, in counties containing metropolitan cities, authority to remove the police judges of such cities, what it did was a violation of the principle of uniformity, for it was an attempt to enlarge the jurisdiction of the district courts in one class of counties by classifying magistrates who are all of one grade and incapable of legal classification. Without pursuing the subject further our conclusion is that the judgment under review is based on an unconstitutional law and must be reversed.

Before leaving the case, however, there is another question which has to some extent engaged our attention and to which we shall briefly advert. The power we have been considering has been long exercised in this state by administrative bodies, and it was in one case (*State v. Oleson*, 15 Nebr., 247) held not to be judicial within the meaning of that provision of the constitution which vests the judicial power of the state in courts and magistrates. Section 1, article 2, of the constitution, relating to the distribution of governmental powers, declares that no person or collection of persons belonging to one of the departments of government "shall exercise any power properly

belonging to either of the others." If the power to re-
move an officer for official misconduct properly belongs
to the executive department, can it be rightfully exercised
by officers of the judicial department? In other words,
can the same power be concurrently exercised by two de-
partments of the government without violating the pro-
vision of the constitution relating to the distribution of
powers? This is an interesting question, but since it has
not been discussed by counsel and is not necessary to a
decision of the case we express no opinion with respect
to it.

The judgment is reversed and the cause dismissed.

REVERSED AND DISMISSED.

NORVAL, C. J.

I concur in the judgment on the ground that the statute
under consideration is in violation of section 19, article
6, of the constitution.