FRANK E. MOORES, MAYOR, ET AL. V. STATE OF NEBRASKA,
EX REL. SAMUEL I. GORDON.

FILED DECEMBER 18, 1901.   No. 12,247.

Commissioner's opinion, Department No. 2.

1. **Constitutional Rule of Uniformity.** The constitutional rule of
uniformity is not violated if all courts of the same grade have
jurisdiction of the same matters and equal authority in dealing
with them. *State v. Magney*, 52 Nebr., 508, followed.

2. **Constitutional Law: STATUTORY PROVISIONS: SEPARABLE AND INSEP-
ARABLE SECTION: SUBSTANCE.** The constitutional and unconstitu-
tional provisions may even be contained in the same section, and
yet be distinct and separable, so that the first may stand, though
the last fall. The point is not whether they are contained in the
same section, for the distribution into sections is purely arti-
ficial; but whether they are essentially and inseparably con-
nected in substance. *State v. Stuht*, 52 Nebr., 209, 217; followed.

3. **Police Magistrate: Constitution.** *Held*, That the various provisions
of the statutes conferring jurisdiction on police magistrates
are not in violation of the provisions of section 19, article 6 of
the constitution, and are valid.

ERROR from the district court for Douglas county.  Tried
below before BAKER, J.  *Affirmed.*

*W. J. Connell,* for plaintiffs in error.

*J. W. Eller, contra.*

Argued orally by counsel for both parties.

OLDHAM, C.

This was an action for a writ of mandamus instituted
by the relator against the mayor and city council of the city
of Omaha to compel the allowance of his salary as police
judge of said city for the year 1900 at the rate of $2,500 per
annum. The cause was tried below on substantially the
same issues as those joined in the earlier case of *State v.
Moores,* 61 Nebr., 9. The relator had judgment below and
respondents bring error to this court.

In the court below, respondents, by their answer and return, tendered the issue that the relator was the acting police judge of the city of Omaha for the year 1900, and that he was entitled to a salary at the rate of $1,200 per annum; but in this court counsel for the respondents has abandoned that issue, and now contends that the statute conferring jurisdiction on police judges of cities of the metropolitan class, and by inference the statutes conferring jurisdiction on all police judges in all cities in the state of Nebraska, are unconstitutional, and that the statutes conferring jurisdiction were the inducement for the enactment prescribing salaries for such officers; and hence all must fall together. Respondents' theory is that there is a want of uniformity in the jurisdiction conferred on police judges in the cities of the different classes provided for in the statutes governing cities of such various classes, and therefore they are all in violation of section 19, article 6, of the constitution of Nebraska. Without going into a discussion in detail of the various enactments conferring jurisdiction on police magistrates, it is sufficient to say that the jurisdiction conferred on these magistrates in the enforcement of the criminal laws of the state applies uniformally to police judges in cities of all classes, and that there are a large number of these provisions. In addition to these provisions, the different sections of the statutes governing cities of the different classes confer on the police judges a jurisdiction to impose fines and penalties for violation of the ordinances of the city of the class in which each one holds his office.

The office of police magistrate or police judge is called into existence by the constitution, and, as we have already seen, there is an absolutely uniform jurisdiction prescribed by statute for these officers in the enforcement of the criminal laws of the state; and, even if we should conclude that the various provisions of the statute governing cities of the different classes had violated constitutional restrictions in not conferring a uniform jurisdiction in the enforcement of ordinances, we would not even then feel jus-

tified in saying that this was the only inducement that could have moved the legislature to provide compensation for this class of officers. Counsel for the respondents cites the case of *Gordon v. Moores*, 61 Nebr., 345, as an authority tending to support his position, but an examination of that case leads us to a different conclusion. In that case this court held that section 103, chapter 10, Session Laws, 1897, which attempted to confer upon district courts in metropolitan cities authority to remove police magistrates for misconduct in office, was unconstitutional, because it sought to confer a jurisdiction on the district courts in such cities which was not conferred on the other district courts of the state, and this court therefore held this enactment bad; but it did not hold that, because of a legislative attempt to confer an unauthorized jurisdiction on district courts in metropolitan cities, that the entire jurisdiction of such courts was nullified and that such unauthorized attempt to confer jurisdiction was the inducement that led to the appropriations for salaries for district judges in metropolitan cities, and hence all the enactments must fall together; and it would have required such a holding as this to have sustained the position contended for by respondents' counsel.

An examination of the different sections of the statute governing cities of the different classes convinces us that there is no want of uniformity in the jurisdiction which these statutes confer upon police judges. This court has said in the case of *State v. Magney*, 52 Nebr., 508, that the constitutional rule of uniformity we are now considering is not violated if all courts of the same grade have jurisdiction of the same matters and equal authority "in dealing with them." Applying this rule to these statutes, and considering the police magistrates all as courts of one grade, we find that they all have the same jurisdiction in the enforcement of the statutes of the state, and each one is given an exclusive jurisdiction to prescribe fines and penalties for the violation of the ordinances of the city in which he may exercise the duties of the office of police mag-

istrate. While it may be true that cities frequently pass ordinances attempting to confer illegal authority upon police magistrates, yet, if they do, the courts of the land will strike down the illegal ordinance, and not the constitutional officer who is charged with the duty of enforcing it; and the same result would follow if the legislature should pass a law attempting to confer an unauthorized jurisdiction upon such officer. Even if the provisions of the statute conferring jurisdiction on the police magistrates of the cities of the various classes in the enforcement of ordinances were bad for want of uniformity, still these provisions are plainly severable from the various sections of the Criminal Code, which does confer a uniform jurisdiction on all these magistrates; and even if these various sections had all been passed in one act,—which they were not,—we would still apply to such act the rule of construction announced in *State v. Stuht,* 52 Nebr., 209, 217, which is: "The constitutional and unconstitutional provisions may even be contained in the same section, and yet be distinct and separable, so that the first may stand though the last fall. The point is not whether they are contained in the same section, for the distribution into sections is purely artificial; but whether they are essentially and inseparably connected in substance."

It is therefore recommended that the judgment of the district court be affirmed.

SEDGWICK and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.