FRANK E. MOORES, MAYOR OF THE CITY OF OMAHA, V. STATE OF NEBRASKA, EX REL. SAMUEL I. GORDON.

FILED FEBRUARY 4, 1903.   No. 12,911.

Commissioner's opinion, Department No. 3.

1. **Res Adjudicata.** Matters once litigated and determined will not be reexamined in a subsequent action between the same parties.

2. **City Council: APPROPRIATION: WARRANT: INSTALMENT: SALARY OF MUNICIPAL OFFICER: ALTERNATIVE WRIT OF MANDAMUS: VOID ORDINANCE.** When a warrant has been drawn pursuant to an appropriation by a city council for the payment of an instalment of the salary of a municipal officer, and an alternative writ of mandamus has been issued and served to compel the execution and delivery of the instrument, an ordinance, passed during the pendency of the action, and assuming to repeal the ordinance making the appropriation and authorizing the payment, is void.

3. **City Officer, De-Facto, De-Jure.** One who is both a de-facto and a de-jure incumbent of a city office can not be deprived of the

Syllabus by court; catch-words by editor.

salary attached thereto by reason of the usurpation of the office
at the instance of the city authorities.

ERROR from the district court for Douglas county. Ap-
plication below for a writ of mandamus to compel the
mayor of the city of Omaha to sign a warrant on the city
treasury in favor of relator. The facts appear in the
opinion. Tried below before ESTELLE, J. Writ allowed.
*Affirmed.*

*W. J. Connell,* for plaintiff in error.

*James W. Eller,* contra.

AMES, C.

The relator, Samuel I. Gordon, was elected police judge
of the city of Omaha for a term of two years, beginning in
January, 1896. After occupying the office for the full
term he continued therein because of a failure by the
city to choose a successor to him. In *State v. Moores,* 61
Nebr., 9, this court held that, while so continuing, he was
a de-jure officer and entitled to the rate of compensation
fixed by the statute at the time of his election. These
matters will not be reexamined in a subsequent action
between the same parties. On the 2d day of January,
1902, nothing having occurred to affect the relator's tenure
of office, the city council enacted an ordinance appro-
priating $1,600 to pay him a residue of his salary ac-
crued at that time. Pursuant to the ordinance, the city
comptroller drew and signed a warrant upon the treasurer
for the sum named, and presented it to the respondent
Moores, mayor of the city, for the signature of the latter,
which was refused. Gordon then obtained from the dis-
trict court of the county an alternative writ of mandamus
requiring the mayor to sign the warrant, or on the re-
turn day of the writ show cause for not having done so.
The return recites that after the issuance and service of
the writ the council had passed, and the respondent, as
mayor, had approved, an ordinance repealing the appro-

priation and directing the comptroller to cancel the warrant, and that the comptroller had obeyed the direction by stamping upon the face of the warrant the word "Canceled," so that the instrument was in legal effect no longer in existence. The proposition that this action of the city officials was wholly ineffectual upon the rights of the relator, seems to us so obvious as to require neither argument nor authority for its support. Although the writ ran against Moores alone, it was directed to him in his official character, and the proceeding was, in effect, a suit against the city, of which all the officials mentioned had constructive, if not actual, notice, and to which, for practical purposes, they were parties. At the time the alternative writ was issued and served, the respondent owed to the relator the performance of a definite ministerial act. It is not pretended that anything subsequently occurred which satisfied the relator's demand for his salary or tended to defeat his right thereto. To hold that a mere shifting of the pieces on the chess-board would deprive him of the fruits of an action already begun and then pending, would bring the courts and the administration of justice into merited contempt. We are of opinion that the repealing ordinance is void, and that such an ordinance enacted during the pendency of the action would have been so, under any circumstances. The controversy had been drawn into the exclusive cognizance of the court. If, after the alternative writ had issued and been served, anything had occurred by which the relator had lost his right to the salary, a recital thereof would have been a sufficient return to the process. If nothing of that kind had taken place, and the relator's right was complete when the writ was served, no such return could have been made. *State v. Ramsey,* 8 Nebr., 286; *State v. Cole,* 25 Nebr., 342.

At one time a futile attempt, under an unconstitutional statute, was made by the city authorities to remove the relator from office, and for several months an intruder was thrust into his place. *Gordon v. Moores,* 61 Nebr.,

345. Under the supposed authority of this void statute, the city compensated the intruder for several months of his incumbency. It is now contended that the sums so expended should be deducted from the salary of the relator. To justify this defense the respondent cites *State v. Milne*, 36 Nebr., 301, 19 L. R. A., 689, 38 Am. St. Rep., 724. We do not think that decision is in point. In that case two persons claimed the office of county treasurer, each asserting title thereto as the result of the same election, which was contested. One of them succeeded in the contest before the county court and was installed in office under color of its judgment, and continued to hold the place and receive its emoluments until the judgment was reversed upon appeal. It was held that the person finally successful was not entitled to compensation during the time his adversary rightfully received the same under color of title and of the judgment in his favor. But in the case at bar the intruder was never in office under color of title, and never was entitled to receive pay for discharging its duties. He was attempted, not to be appointed by the city council as police judge, but to be designated as a person who should perform the functions of that officer during a supposed suspension of the latter, and while unauthorized proceedings were in progress for his removal. In the view of the law and the decisions of this court, the transaction amounted to no more than a temporary usurpation of the functions and emoluments of one who was both the de-jure and the de-facto officer. If such a procedure could be regarded as effectual for any purpose, as against the person rightfully entitled, the tenure of a public officer would be of little worth, and the choice of the electors might easily be held for naught.

Upon consideration of the foregoing circumstances, the district court granted a peremptory writ of mandamus requiring the respondent to sign and deliver the warrant, treating the attempted cancelation thereof as void, and regarding even the physical destruction thereof as immaterial, since in that case it would be the duty of the

comptroller, as a virtual party to the suit, to prepare and sign a duplicate of it.

It is recommended that the judgment of the district court be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.