STATE OF NEBRASKA, EX REL. SAMUEL I. GORDON, v. FRANK E. MOORES, MAYOR OF THE CITY OF OMAHA, ET AL.*

FILED OCTOBER 7, 1903. No. 13,094.

1. **Election: JUDGMENT: RES JUDICATA.** A judgment establishing the invalidity of an election attempted to be made at the general election in 1899, does not render *res judicata* between the same parties the power to make such an election at the general election in 1901, even if there be no change in the law affecting the validity of such election.

2. ———. An election provided for and required to take place by the constitution, may be held at the required time without special legislation providing therefor.

* Rehearing allowed. See opinion, p. 56, *post.*

State v. Moores.

3. ———: POLICE JUDGE. *Held*, That a successor to relator for the office of police judge has been elected and qualified; that relator was not the incumbent of such office during the time for which he is seeking herein to enforce payment of salary, and that the writ prayed for was properly denied.

ERROR to the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*J. W. Eller,* for plaintiff in error.

*W. J. Connell, C. C. Wright* and *W. H. Herdman, contra.*

GLANVILLE, C.

This action is before us on petition in error from the district court for Douglas county, seeking to reverse the judgment of that court denying a peremptory writ of mandamus to the relator, to compel payment of salary to him as police judge; and constitutes one more chapter in the long standing contention and litigation whereby the relator has sought to continue to hold the office of police judge of the city of Omaha at a salary of $2,500 a year. In the view we take of the case in its present condition, and of the questions involved, it will be necessary to take up the previous adjudications and discuss them with a view of distinguishing those points that have become *res judicata* from those that are open to determination in this action.

Contention is made by the respondents herein that the relator was not elected and qualified as police judge at the beginning of his term of services in January, 1896. We think the bill of exceptions clearly establishes such election, if it were an open question, but we think it also establishes that he was not qualified as a *de jure* officer at that time, except by the evidence therein contained showing that this question has been heretofore adjudicated in his favor. We say this because it is clearly shown that the oath of office subscribed by him after his first election was not the oath required by the constitution, and that he did not properly qualify. See *Duffy v. State,* 60 Neb. 812.

7

Because of a provision in the Omaha charter of 1897, attempting to provide for the election of a police magistrate for the term of three years in April, 1897, and every three years thereafter, an election for such office was attempted in April, 1897, and no election for such office was held in any manner at the general election in November of that year. At such attempted election in April, the relator received the majority of the votes, was declared elected and attempted to qualify, and thereafter respondents contended that he was entitled to a salary of but $1,200 per annum, being the salary fixed in the 1897 charter.

After it was announced in *State v. Stuht*, 52 Neb. 209, that the term of office of police judge could not be changed from two years to three years, because of the provisions of our constitution, the respondents paid the relator the salary fixed by the old charter to the expiration of his first two years' term.

Relator continued to perform the duties of the office of such police magistrate during the years 1898 and 1899, the respondents regularly making for his use a warrant of $100 for each month, which, however, he did not accept, and he finally brought mandamus proceedings in the district court for Douglas county to compel payment for the two years at the rate of $2,500 per annum. The case was brought to this court and decided in favor of relator. *State v. Moores*, 61 Neb. 9. The complete record in that case forms a part of the bill of exceptions in this, and from its examination we think it has become *res judicata* that the relator was elected and qualified for his first term, and has also been established as the law that during the continuance of that term the relator is entitled to a salary at $2,500 a year. For the regular election held in the city of Omaha in the year 1899, nominations were made for the office of police judge and relator was a nominee. An election was held, resulting in the relator's receiving a majority of the votes cast. He so far acquiesced in this as to give bond and take the oath of office, and in this instance did take the oath prescribed by the constitution for judi-

cial officers. An attempt was made to remove him from office but the proceedings were held under a void provision of law, and nothing affecting the rights of either party could be determined therein. See *Gordon v. Moores*, 61 Neb. 345.

Another action was commenced by relator to compel payment of his salary for the year 1900; and was brought to this court and decided in his favor. *Moores v. State*, 63 Neb. 345. In the opinion by OLDHAM, C., it is said:

"In the court below, respondents, by their answer and return, tendered the issue that the relator was the acting police judge of the city of Omaha for the year 1900, and that he was entitled to a salary at the rate of $1,200 per annum; but in this court counsel for the respondents abandoned that issue."

The record in that case is also a part of the bill of exceptions, and therein plea is distinctly made by the return to the writ that the relator was elected in 1899 and qualified, and that he was not holding over at that time but was in for a new term under a new election, and that the salary fixed by the charter of 1897 is the salary he was entitled to. In reply to the return, the relator pleaded *res judicata* by the judgment in *State v. Moores*, 61 Neb. 9. It will be seen, then, that it has thereby become *res judicata*, either that the charter of 1897 was ineffectual to change the rate of pay of the police judge, or that the relator during the year 1900 was still holding over by virtue of his first election and qualification and his subsequently qualifying as a hold-over officer.

The bill of exceptions in the last named case is made a part of the bill of exceptions in this case, and the evidence therein contained shows that the relator was regularly nominated by the people's independent and democratic parties as a candidate for police judge of Omaha, to be voted for at the November election, 1899, and that, if such election could then be held, he was elected, and in due time entered into a bond reciting such election and took the oath of office on the 28th day of December, 1899. While the

issues of fact in that case were authoritatively settled by the judgment therein, and it was thus established that during the year 1900 the relator was "holding over," we do not think that it could be thus authoritatively determined that no election for a police judge of the city of Omaha could take place at the proper one of the general elections provided for in the constitution, in the absence of any special legislation providing for the holding of such election.

Thereafter, a similar action for the salary for 1901 was commenced, carried to this court and decided in favor of the relator in the case of *Moores v. State,* 67 Neb. 535. The record in this action is also a part of the evidence contained in the bill of exceptions, and shows that the relator pleaded previous adjudication by the decision in the case in 61 Neb. 9, and it was correctly decided in favor of the relator because of the previous adjudication pleaded, as no new fact or issue entered into the case except such previous adjudication.

The present action is another one of the same nature brought for the purpose of enforcing payment of a salary to relator at the rate of $2,500 a year since the expiration of the term which would have commenced in January, 1900, had the election in November, 1899, been lawful, and the relator's incumbency during 1900 and 1901 been under such election. Another election was attempted at the general election in November, 1901, which, if such election was authorized, resulted in the election of Louis Berka to the office in question over the relator, who was also a candidate. Mr. Berka qualified according to law, and has been recognized by the authorities and people of Omaha as the incumbent of the office since January 7, 1902, and if such election was valid he is *de jure,* as well as *de facto,* police judge of Omaha, and the judgment of the district court is right; if such election was invalid, then the relator, having been found by previous adjudication to have been elected and qualified and the *de jure* incumbent of the office during 1900 and 1901, is still the *de jure* incumbent of the

office under the same hold-over term, and is entitled to the same salary heretofore required to be paid to him.

The only matter, therefore, that requires examination and discussion herein is the validity or invalidity of the election in November, 1901. As we have said, so far as establishing the right of the relator to the old salary dur·ing the years 1900 and 1901, the decisions in 63 Neb. 345, followed by the one in 67 Neb. 535, are conclusive, and render *res judicata* the invalidity of the election in 1899; but the law of the state, and especially that contained in the constitution, can not be foreclosed in such a proceeding to such an extent as to preclude our holding any other election valid which we may find on the law and evidence to be so, and we hold that the validity of the election in 1901 should be herein determined as an original question, arising for the first time in this action, and that the relator's plea of *res judicata* made in this action is not good as to this issue.

By section 18, article VI of the constitution, it is provided that "justices of the peace and police magistrates shall be elected in and for such districts * * * as may be provided by law." In *State v. Stuht,* 52 Neb. 209, and *State v. Moores,* 61 Neb. 9, above referred to, it is held that - the police judge of Omaha is such a police magistrate. It follows, then, that the city of Omaha is a district provided by law wherein such magistrate should be elected. If by the changes in the charter the district does not continue to exist, then the office claimed to be held by the relator has been abolished and there is no such police magistrate. Section 20 of the same article of the constitution reads as follows:

"All officers provided for in this article shall hold their offices until their successors shall be qualified and they shall respectively reside in the district, county or precinct for which they shall be elected or appointed. The terms of office of all such officers, when not otherwise prescribed in this article, shall be two years. All officers, when not otherwise provided for in this article, shall perform such

duties and receive such compensation as may be provided by law."

This section of the constitution is the one under the provisions of which the relator insists that he is still holding over as one of the officers therein referred to, and was under consideration in the two cases last above mentioned, and it was held, although in the case of *State v. Stuht, supra,* the question was not directly in issue, that the length of the term of police judge of Omaha could not be changed from the regular two years' term by the legislature.

Section 13, article XVI, reads as follows:

"The general election of this state shall be held on the Tuesday succeeding the first Monday of November of each year, except the first general election which shall be on the second Tuesday in October, 1875. All state, district, county, precinct and township officers, by the constitution or laws made elective by the people, except school district officers, and municipal officers in cities, villages and towns, shall be elected at a general election to be held as aforesaid. Judges of the supreme, district, and county courts, all elective county and precinct officers, and all other elective officers, the time for the election of whom is not herein otherwise provided for, and which are not included in the above exception, shall be elected at the first general election, and thereafter at the general election next preceding the time of the termination of their respective terms of office; Provided, That the office of no county commissioner shall be vacated hereby."

Section 14 of the same article reads:

"The terms of office of all state and county officers, of judges of the supreme, district and county courts, and regents of the University shall begin on the first Thursday after the first Tuesday in January next succeeding their election, the present state and county officers, members of the legislature, and regents of the University, shall continue in office until their successors shall be elected and qualified."

It will be noticed that police magistrates are to be elected in such *districts* as are provided by law; that district officers are to be elected at general elections, unless they are within the exceptions mentioned in the above section of the constitution; and that unless the police judge of Omaha is a municipal officer of the city, his election is required to take place at the general election provided for. It was held in *State v. Shropshire*, 4 Neb. 411, that a justice of the peace elected in a ward of Omaha was required by law to hold his office within the ward which constituted a precinct, and it was held, in effect, that such ward had been created a district within which a justice of the peace should be elected. While the term "precinct" is used in section 20, article VI, only "districts" are mentioned in section 18. It would seem that the word "district," as used in the constitution in reference to general elections, must refer as well to districts created by the legislature as those provided for in the constitution, because it excepts specially "school district officers," thus mentioning a district that must be created by the legislature, but which would be included in the requirement unless so specially excepted.

We are of the opinion that a police magistrate is a district officer, and not a municipal officer of a city within the meaning of the constitution; that the relator having been elected for a term of two years to commence in January, 1896, at the regular election held in 1895, regular elections for police magistrate in the district comprising the city of Omaha should be held every two years thereafter; that the office and the district still existed in 1901; that the above quoted provisions of the constitution are so far self-enforcing that an election held to fill such office, participated in generally by the people of Omaha, at the general election in 1901, was a valid election for that purpose, in the absence of any provision made by the legislature for holding elections for such office in that district; that Louis Berka was elected at such election and qualified as required by law, and became, and is, the successor in

office to the relator, and was the incumbent of such office during the time for which the relator is herein seeking to compel payment of salary; that relator's term ended upon the qualification of Louis Berka; and that the judgment of the district court in denying an imperative writ of mandamus to the relator is right and should be affirmed.

To hold that the legislature can provide a district in which a police magistrate can be and is lawfully elected for a term of two years, and that it can then repeal the law providing for the election of a successor and, by so doing, prevent any further elections and still continue the district and office in existence, and thereby indirectly make the incumbent's term perpetual, when we have held that it can not be directly extended to three years, would be intolerable and destroy the safeguards of the constitution, and we can not so hold.

Our constitution provides by section 22 of the bill of rights:

"All elections shall be free; and there shall be no hindrance or impediment to the right of a qualified voter to exercise the elective franchise."

The electors of the city of Omaha were not disfranchised or deprived of their right to elect a police magistrate in their district at the election provided in the constitution for that purpose, by a failure of the legislature to make any special provision for such an election. *Hall v. Commonwealth*, 94 Ky. 322.

We recommend that the judgment of the district court be affirmed.

BARNES and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.

The following opinion on rehearing was filed April 21, 1904. *Judgment of affirmance adhered to:*

1. **Municipality:** OFFICE OF POLICE JUDGE. The office of police judge or police magistrate of an incorporated city is called into existence by the constitution. *State v. Moores*, 61 Neb. 9, followed and approved.

2. **Action:** TITLE TO OFFICE. The right to an office occupied by one claiming title thereto under a certificate of election, can not be determined in a suit instituted by an adverse claimant for the salary of the position.

OLDHAM, C.

The original opinion in this case by GLANVILLE, C., is reported *ante,* p. 48, and contains a full and careful statement of the various issues that have been joined and determined in this court in the long continued contest between the relator and the mayor and council of the city of Omaha, over the emoluments of the office of police judge or police magistrate of the city of Omaha. A rehearing was granted for the purpose of considering relator's claim to the salary of this office for a portion of the year 1902, on the theory that he is not a police magistrate authorized by section 18, article VI of the constitution, but that he is, in fact, a police judge, a municipal and not a constitutional officer, authorized by the laws of Nebraska, 1869, p. 29, entitled "An act to incorporate cities of the first class," and that he was elected as such officer at a regular general and city election, held in November, 1895, and has ever since held over and still continues to hold over as his own successor under such election, and that all other subsequent elections at which he has ever been elected or defeated for said office, have been unauthorized, and his claim to the salary of this office is entirely unaffected by his participation as a voter or a candidate in such subsequent elections.

It is conceded by counsel that we are bound by all our former adjudications as to relator's right to the salary of this office up to the 7th day of January, 1902, and that all questions formerly adjudicated in this controversy are now a part of the law in this case; so we will cursorily review our former adjudications for the purpose of deter-

mining whether or not relator is a police magistrate authorized by the constitution, or a municipal officer authorized by the laws of 1869, *supra*. The first contest over the salary of this office between the relator and the mayor and council of Omaha grew out of the fact that in 1897 the legislature passed an act creating a new charter for the city of Omaha, wherein the term of the office of police judge was changed to three years, and the compensation of the office was reduced to $1,200, and we held in a carefully considered opinion by NORVAL, J., that the office of police judge or police magistrate of the city of Omaha is called into existence by the constitution, and the enactment attempting to change the term and the salary of the office was held to be unconstitutional and void. See *State v. Moores,* 61 Neb. 9. The next controversy affecting the relator's right to the emoluments of the office was before this court in the case of *Gordon v. Moores,* 61 Neb. 345, and rose from the fact that an attempt had been made to remove the relator from the office of police judge by the district court for Douglas county, for malfeasance in office. In this action it was determined that the statutes conferring such jurisdiction on district judges in metropolitan cities (laws, 1897, ch. 10) was void for attempting to confer a special jurisdiction on district judges in cities of the metropolitan class. In the opinion it was said by SULLIVAN, J.:

"But a police judge, like a justice of the peace, is a constitutional officer, and the power to remove him is precisely the same power whether he holds his commission from a city of the highest or the lowest rank."

The controversy was next before this court in the case of *Moores v. State,* 63 Neb. 345, and was a contest for the salary for the year 1900. In this case the respondent sought to defend by assailing the constitutionality of the statutes conferring jurisdiction on police judges in cities of the metropolitan class. In disposing of this controversy, we held that the office of police magistrate or police judge was called into existence by the constitution. The next

controversy before this court was over the salary for the
year 1901. See *Moores v. State*, 67 Neb. 535. Here the
chief question involved was the right of the city council to
deduct from the salary of relator, the amount paid to an
intruder, who wrongfully attempted to exercise the duties
of the office, while the relator was prohibited from doing
so by a void judgment of the district court for Douglas
county. In this controversy we held that the relator was
both a *de facto* and a *de jure* officer during all this time
and was entitled to the compensation, notwithstanding
the fact that it may have been paid to a usurper. Now it
will be seen from this brief review of our former decisions,
that relator has heretofore successfully maintained his
claim to the honors and emoluments of this office, solely
on the ground that the office of police judge or police mag-
istrate which he claimed to hold was an office called into
being by section 18, article VI of the constitution; conse-
quently we think that relator is not now in a position to
deny that he is a police magistrate authorized by the con-
stitution. The next contention of the relator is that no dis-
trict is provided in the constitution for police magistrate
or for justice of the peace, but that the formation of dis-
tricts for these officers is relegated to the legislative power
of the state, and that no district has ever been formed in
Omaha for a police magistrate by any valid legislative
enactment. The answer to this may be that the act of
1869 did constitute the city of Omaha into a district for
a police judge and that the constitution subsequently en-
acted reserved the existence of all laws not in conflict
with its provisions. Consequently this act may be con-
strued into constituting the city of Omaha into a district
for a police magistrate. And it was evidently in view of
this construction of the law, that the relator was elected
police judge in the city of Omaha at the regular general
city and state election held in 1895, and presumably for
the term of two years or until his successor. should be
elected and qualified. While it is true that relator re-
ceived a majority of the votes cast in the spring election

held in the city of Omaha in 1897 under a void enactment, yet he subsequently repudiated his claim to the office growing out of such election, and asserted his right to become a candidate at the regular general election in 1899, and was elected and qualified under such election. And again in 1901 he procured the nomination as a candidate for the office and contested the election with the present incumbent, Louis Berka, and was defeated, the certificate of election being awarded to the said Louis Berka, who qualified and has entered upon the active discharge of the duties of the office under claim of right based upon his certificate of election and his official oath and bond filed in conformity therewith, and is recognized as the police judge by the city officers of Omaha.

It is a well established rule that the right to an office occupied by one claiming title thereto, under a certificate of election, can not be determined in a suit instituted by another claimant for the salary of the position. But under such circumstances the adverse claimant must first establish his right to the office by proceedings in the nature of *quo warranto* against the occupant. *Selby v. City of Portland,* 14 Ore. 243; *Lee v. Wilmington,* 1 Marvell (Del.), 65; *Hagan v. City of Brooklyn,* 126 N. Y. 643; Dillon, Municipal Corporations (4th ed.), sec. 844.

HASTINGS and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the former judgment of this court be adhered to.

AFFIRMED.