STATE, EX REL. JAMES A. BENSON, APPELLEE, v. MAYOR AND COUNCIL OF THE CITY OF HASTINGS, APPELLANTS.

FILED APRIL 20, 1912.    No. 17,504.

Elections: CONSTITUTIONAL OFFICERS: POLICE MAGISTRATE: POWER OF LEGISLATURE.  The office of police magistrate being a constitutional office, and the constitution having fixed the time when such officer shall be elected, the time when, after election, he shall enter upon his term of office, and the duration of such term, the requirements of the constitution in those particulars must be complied with; and any attempt on the part of the legislature to provide for the election of such officers in any other manner or at any other times than fixed by the constitution is void.

APPEAL from the district court for Adams county: HARRY S. DUNGAN, JUDGE.  *Affirmed.*

*John M. Ragan* and *George W. Tibbets,* for appellants.

*John C. Stevens, contra.*

*W. L. Hand, amicus curiæ.*

FAWCETT, J.

Relator, having obtained a certificate of election as police magistrate for the city of Hastings at the general election in 1911, presented to the mayor and city council his certificate, oath of office, and bond in the sum required by law. The mayor and council refused to approve the bond, or to recognize relator's election to such office, upon the sole ground that at the time relator was elected there was no vacancy in such office and hence there was no such officer to be elected. Thereupon, relator brought proceedings in mandamus to compel the mayor and council to meet and approve the bond. The district court awarded relator a peremptory writ as prayed, and respondents appeal.

The city of Hastings belongs to that class having more than 5,000 and less than 25,000 inhabitants. It appears that at the city election in April, 1909, one Joseph Meyer was elected police magistrate for a period of two years; that he qualified and discharged the duties of the office for that period; that at the city election on April 4, 1911, Meyer was re-elected; that the vote was canvassed by the city council on April 10, and on April 11 he qualified as such officer. During all of those times, the city of Hastings acted under the provisions of article III, ch. 13, Comp. St. 1907, section 11 of which provided that the general city election in all cities governed by the act should be held on the first Tuesday in April annually. Section 12 provided that at the annual election held in April, 1907, there should be elected, with other officers, a police judge for two years, and biennially thereafter. On April 8, 1911, an act, with an emergency clause, was ap-

proved (laws 1911, ch. 23), defining the district of a
police magistrate in cities and villages as co-extensive
with the corporate limits of such city or village, in which
he is elected, and three miles beyond such limits. Section
9 provided: "The election of a police magistrate shall
take place at the next general election to be held on the
Tuesday succeeding the first Monday of November, 1911,
and on every alternate year thereafter, and the terms of
office of police magistrate shall begin on the first Thurs-
day after the first Tuesday in January next succeeding
his election, and he shall continue in office until his suc-
cessor shall be elected and qualified." At the election
thus provided for, relator was a candidate, was elected,
and received his certificate of election. One question
argued in the briefs is, did the act of April 8, 1911, repeal
the prior act, if not in terms, at least by implication?
Counsel for respondents admits that if the act of 1911
did by implication repeal so much of section 8511, Ann.
St. 1907, as fixes the election of the police judge in Hast-
ings at the April general election, the judgment of the
district court is right; but contends that, if it did not do
so, the judgment should be reversed. We think the de-
cision in this case must rest upon more substantial grounds
than the repeal of the act referred to.

In the constitution of 1875 we find the following pro-
visions: Section 1, art. VI: "The judicial power of this
state shall be vested in a supreme court, district courts,
county courts, justices of the peace, police magistrates,
and in such other courts inferior to the district courts
as may be created by law for cities and incorporated
towns."

Section 13, art. XVI: "The general election of this
state shall be held on the Tuesday succeeding the first
Monday of November of each year, except the first general
election which shall be on the second Tuesday in October,
1875. All state, district, county, precinct and township
officers, by the constitution or laws made elective by the
people, except school district officers, and municipal offi-

cers in cities, villages and towns, shall be elected at a general election to be held as aforesaid. Judges of the supreme, district and county courts, all elective county and precinct officers, and all other elective officers, the time for the election of whom is not herein otherwise provided for, and which are not included in the above exception, shall be elected at the first general election, and thereafter at the general election next preceding the time of the termination of their respective terms of office."

Section 18, art. VI: "Justices of the peace and police magistrates shall be elected in and for such districts, and have and exercise such jurisdiction as may be provided by law."

Section 20, art. VI: "All officers provided for in this article shall hold their offices until their successors shall be qualified, and they shall respectively reside in the district, county or precinct for which they shall be elected or appointed. The terms of office of all such officers, when not otherwise prescribed in this article, shall be two years. All officers, when not otherwise provided for in this article, shall perform such duties and receive such compensation as may be provided by law."

In *State v. Moores*, 61 Neb. 9, we held: "The office of police judge or police magistrate of an incorporated city is called into existence by the constitution." See, also, *Moores v. State*, 63 Neb. 345.

In 1897 the legislature passed an act incorporating metropolitan cities, and defining, prescribing and regulating their duties, powers, and government, and repealed the act of March 30, 1887, in relation thereto. Laws 1897, ch. 10. This act provided (sec. 13) that the first city election in all cities governed by the act "shall be held on the sixth Tuesday after this act goes into effect, and the next general city election on the first Tuesday in March A. D. 1900, and all succeeding general city elections every three years thereafter. Such elections shall be held at the same place as was the general election for state and county officials last preceding such city election.

The officers to be elected at such election shall be a mayor, police judge * * *; they shall each and all be elected by a plurality of all votes cast at said election for such officials respectively, and shall, when properly qualified, hold their offices for the terms herein designated, viz.: The terms of the officers first elected shall commence on the third Monday succeeding their election, and they shall hold office until the third Monday in March, A. D. 1900, and until their successors shall be elected and qualified, and all subsequently elected officers shall hold office for the term of three years, commencing on the third Monday succeeding their election, and shall hold their office until their successors shall be elected and qualified."

The constitutionality of this act was assailed by an original action in this court in the nature of *quo warranto. State v. Stuht,* 52 Neb. 209. On page 214 it is said: "The first point discussed by counsel is in relation to the police judge, and the provisions of the new act fixing the time of the election of said officer and the duration of his term of office. The section of the act of 1897 to which our attention is particularly directed in this connection is as follows: (Section 13 of the act of 1897 set out in full.) It will be noticed that by the provisions of the section quoted the terms of office of the police judge, after the first one, are fixed each at three years." The court then quotes section 1, art. VI, above set out. Section 20 is also set out. Continuing it is said (p. 216): "Under the act or charter of 1887, which the act of 1897 by its terms repealed, there had been elected a police judge, whose term of office, fixed by the constitution, will expire in January, 1898; this term could not be abridged by statute, hence the act of 1897, to the extent it purports to affect such term, is invalid; also such portion of it as makes the term of office of a police judge three years instead of the constitutional term of two years is of no effect." It will be seen that we there hold that the act of 1897, so far as it related to the office of police judge, was void upon two grounds: (1) To the extent it purported to affect the

term fixed by the constitution; and (2) to the extent that it sought to extend the term of a police judge to three years. Continuing it is said: "It seems quite clear that the mere designation of the time at which the police judge should commence his term of office, and the fixing the length of his term of office at three years, did not possess such significance or importance that the determination of the exact time of the inception of the term or its duration could, separately or combined, have operated as an inducement for the passage by the legislature of this act, containing, as it did, what was intended for a complete and entire scheme or plan for the organization and government of a class of cities; and, further, it seems clear that had the legislators known that either the time of the commencement of the term stated in the law, or the exact length of the term as fixed, must be abandoned, they would not have felt constrained to withhold approval from the other and more important parts of the act." Again it is said (p. 217): "The law of 1897 provided for a police judge and prescribed fully his jurisdiction, powers, duties, etc. The only defects in the law were that his term of office could not be for the length of time stated, and might not commence at the time fixed. * * * Turning our attention now directly to the enactment insomuch as it affects the police judgeship and the term thereof, it is clear that there is a police judge, whose term of office, being established by the constitution, cannot be interfered with or shortened by the legislature or its enactments. * * * (p. 221) It is also urged that to say that an incumbent, under the circumstances developed in this case, may hold the office until the election and qualification of a successor is equivalent to saying that a legislature may fix a term of office of indefinite duration, by repealing the law providing for the election of a successor. The legislature could not do what has just been stated. It might attempt it, but it would have no force or effect in regard to an office created by the constitution." The only reasonable deductions to be drawn from the

above quotations are that the defects in the law of 1897 were that the term of office of a police magistrate could not be for the length of time therein stated and could not commence at the time fixed. In other words, that the office of police magistrate being a constitutional office, and the constitution having fixed the time when such officer shall be elected, the time when, after election, he shall enter upon his term of office, and the duration of that term, the requirements of the constitution in those particulars must be complied with; and that any attempt on the part of the legislature to provide for the election of police magistrates in any other manner is absolutely void. Section 13, art. XVI of the constitution, provided that the general election should be held on the Tuesday succeeding the first Monday in November in each odd-numbered year; and section 20, art. VI, that their term of office should be two years.

By the act of April 8, 1911, the legislature appears, for the first time, to have caught up with the constitution and provided for the election of police magistrates in accordance therewith. Section 9, art. II, ch. 14a, Comp. St. 1911, provides for their election on the Tuesday succeeding the first Monday of November, 1911, and on every alternate year thereafter, and that their terms of office shall begin on the first Thursday after the first Tuesday in January next succeeding their election.

A distinction is attempted to be drawn, in the briefs of counsel for relator, between the designations police judge and police magistrate. It is so apparent that those designations refer to one and the same office that this contention does not require discussion. That this court so considered them is shown by the quotation from *State v. Moores, supra.*

Under the terms of the constitution above set out, and under the authority of our former decisions above cited, we hold that the act of the legislature, in authorizing cities of the class to which the city of Hastings belongs to elect police magistrates in April and to provide that their term

of office should run for two years from that time, was void, and that the only constitutional election of a police magistrate for the city of Hastings, shown by the record in this case to have ever been held, was the election in November, 1911; and that at such election relator was duly elected to the office of police magistrate.

The judgment of the district court is therefore

AFFIRMED.