JOHN A. STUART vs. INHABITANTS OF ELLSWORTH.

Hancock.    Opinion August 14, 1909.

*City Ordinance Repugnant to City Charter, Void. De Facto Officers. Collateral Attack. Private and Special Laws, 1869, chapter 29, section 4; 1873, chapter 228; 1877, chapter 393; 1878, chapter 29.*

When the charter of a city provides for the annual election by the board of mayor and aldermen of all necessary subordinate officers for the ensuing year, that all officers shall be chosen and vacancies supplied for the current year and that such officers shall hold their offices during the ensuing year and until others shall be elected and qualified in their stead, an ordinance of the mayor and aldermen providing that such officers shall hold office during good behavior is repugnant to the charter and void.

Where the returns upon the warrants for an election of mayor and aldermen are defective but the persons chosen mayor and aldermen at such election proceed to organize and to perform their respective duties as such, under color of title and claim of right, with the acquiescence of the citizens, they are officers de facto.

In controversies to which he is not a party, the title to his office of an officer de facto and his acts therein cannot be questioned.

On report.    Judgment for plaintiff.

Assumpsit on account annexed to recover $45.00 for "services as custodian of the Franklin Street Fire Station and driver of the hose wagon, month of April, 1908," in the defendant city.    Plea, the general issue, "with a special plea of tender of $25.20 on October 13, 1908, at 9:30 A. M., which tender was refused and said sum paid into court by defendant.

When the action came on for trial the evidence was taken out and the case was then reported to the Law Court for determination upon so much of the evidence as was competent and legally admissible.

*D. E. Hurley*, for plaintiff.

*John A. Peters*, for defendant.

SITTING: WHITEHOUSE, SAVAGE, PEABODY, SPEAR, CORNISH, BIRD, JJ.

Statement of the case by Mr. Justice BIRD, who prepared the opinion.

The plaintiff was elected by the Mayor and Aldermen of Ellsworth at a special meeting held August 19, 1907, custodian of the Franklin Street Fire Station and driver of hose wagon.

By the charter of the city of Ellsworth, approved February 8, 1869, the administration of all the fiscal, prudential and municipal affairs of the city, with the government thereof, is vested in a mayor, a board of aldermen and a common council, which boards are to constitute and be called the City Council: Priv. and Spec. Laws 1869, c. 29, § 2. The charter further provides that "The City Council shall annually, on the last Monday of March, or as soon thereafter as conveniently may be, elect and appoint all the subordinate officers and agents for the city, for the ensuing year, including a chief engineer and other engineers for the fire department, . . . . and may by concurrent vote remove officers, when in their opinion sufficient cause for removal exists. All officers shall be chosen and vacancies supplied for the current year, except as hereinafter otherwise directed. All the said subordinate officers and agents shall hold their offices during the ensuing year, and until others shall be elected and qualified in their stead, unless sooner removed by the city council" Id. § 4. By an amendment of the charter the annual election for choice of mayor and aldermen is fixed for the first Monday of March, and the organization of the new city government and the election of subordinate officers are to be effected on the second Monday of March: Priv. and Spec. Laws 1877, c. 393. In 1878 the charter was amended by abolishing the common council and giving all the powers formerly exercised by the common council and the mayor and board of aldermen to the mayor and aldermen: Priv. and Spec. Laws 1878, c. 29.

The returns upon the warrants calling the elections for choice of mayor and aldermen in March, 1907, and in March, 1908, did not

allege that the places where the attested copies thereof were posted were either public or conspicuous places.

At the regular meeting of the mayor and aldermen, who were elected in March, 1907, held January 6, 1908, "An ordinance for the government of the fire department" was adopted, which so far as pertinent, was as follows: "Section 1. The fire department shall consist of a chief engineer and two assistants, two drivers, two hose companies and one ladder company. Section 2. The chief engineer and two asistants shall serve for the period of one year. All other members of the department shall serve during good behavior. . . . Section 4. Whenever any charges are preferred against any member of the department, after suitable notice, he shall appear at the mayor and aldermen's room, before a committee consisting of the mayor, the chief engineer and the chairman of the committee on fire department, who shall hear said charges, together with such evidence as he may introduce in his behalf, the decision of said committee to be final.

At the election in March, 1908, one Albert L. Stockbridge was declared to be elected alderman from Ward one and at a meeting of the board of mayor and aldermen held March 9, 1908, the same Albert L. Stockbridge was elected city treasurer. At the same meeting the salaries of drivers of hose companies was fixed at forty-five dollars per month each. No salary appears to have been attached to the office of custodian. Stockbridge qualified by taking the oath as treasurer soon after he was elected to that office "and immediately assumed his duty."

At a meeting of the mayor and aldermen held April 6, 1908, it was voted to repeal the ordinances of the city government in relation to the fire department and at a meeting of the same body held April 13, 1908, it was voted that John A. Stuart be removed as driver of hose team, Stockbridge voting Yes upon both propositions—his vote being needed to ensure the passage of each. No charges were preferred against Stuart, no notice of hearing was given him and no hearing had.

Notice of the adoption of the ordinance of January 6, 1908, was given by posting copies in two public places in defendant city and

by publication January 8, 1908, in a local newspaper. No notice of the repeal of these ordinances on April 6, 1908, appears to have been given.

At the same meeting of the board of mayor and aldermen at which Stuart was removed, one Wallace was elected driver of hose wagon in his place.

On the fifteenth of April, 1908, the plaintiff was forcibly removed from the fire station and thereafter during the remainder of the month reported three times daily for duty which was refused. He brings this action to recover for his services as custodian of the Franklin Street Fire Station and driver of hose wagon for the month of April, 1908, the sum of forty-five dollars. Subsequent to the bringing of the action the defendant tendered to the plaintiff the sum of twenty-five dollars and twenty cents, and the tender being refused, paid the amount of the tender into court.

BIRD, J. The plaintiff claims to recover from the defendant city wages as custodian of the fire station and driver of hose wagon for the entire month of April, 1908, upon the ground that he was never legally removed from office and ever was during that month ready and willing to perform his duty.

It is urged by plaintiff that the ordinance of January 6, 1908, providing that subordinate members of the fire department should hold office during good behavior was never legally repealed. The amended charter, however, provides for annual elections on the second Monday of March by the board of mayor and aldermen of all necessary subordinate officers for the ensuing year, that all officers shall be chosen and vacancies supplied for the current year and expressly provides that such officers shall hold their offices during the ensuing year and until others shall be elected and qualified in their stead : Priv. and Spec. Laws 1869, c. 29, § 4 ; 1873, c. 228 ; 1877, c. 393. The provisions of §§ 2 and 4 of the ordinances of January 6, 1908, in so far as they attempt to change the tenure of office of subordinate officers, were repugnant to the charter and therefore void.

The provisions of the charter above cited (Priv. and Spec. Laws 1869, c. 29, § 4) fix the tenure of office of subordinate officers as the current year, that is, the municipal year at the beginning of or during which the election takes place and until others shall be elected and qualified in their stead. The municipal year for which plaintiff was elected expired on the second Monday of March, 1908, when, by the amended charter, the election of subordinate officers was to be held, but, as his successor was not then elected, he held over until his successor was elected and qualified. On the thirteenth of April, 1908, his successor as driver of hose wagon was elected by the board of mayor and aldermen. We are not aware of any requirement for the qualification, by oath or otherwise, of such an officer as custodian of fire station or driver of hose wagon. Upon the election, if legal, of the successor of the plaintiff his term of office was lawfully at an end.

Was the election of Wallace, as the successor of plaintiff, ineffectual by reason of the fact that the return upon the warrants calling the elections were defective? The mayor and aldermen chosen by the citizens proceeded to organize on the day and in the manner provided in the amended charter and apparently were recognized by the citizens as mayor and aldermen and claimed the right to perform and did perform the duties appertaining to the respective offices and the citizens acquiesced in their so doing. Despite the imperfections in the returns (*Hamilton* v. *Phipsburg*, 55 Maine, 193, 195) they were de facto officers and in controversies to which they are not parties their title to their offices and their acts therein cannot be questioned: *Brown* v. *Lunt*, 37 Maine, 423; *Hooper* v. *Goodwin*, 48 Maine, 79; *Dane* v. *Derby*, 54 Maine, 95, 102; *Cushing* v. *Frankfort*, 57 Maine, 541, 542; *Johnson* v. *McGinly*, 76 Maine, 432, 433; *Andrews* v. *Portland*, 79 Maine, 484, 490: See *State* v. *Poulin*, 105 Maine, 224.

Nor, assuming but not determining, that the offices of alderman of a city and city treasurer are incompatible, with the consequence that an election of an alderman to be city treasurer ipso facto legally vacated the former office (*Stubbs* v. *Lee*, 64 Maine, 195, 197,) would the continuance of such officer to act as alderman under color

of title and claim of right with the acquiescence of the public, render him any less an alderman de facto. *Woodside* v. *Wagg*, (Symonds J.) 71 Maine, 207 ; *Pooler* v. *Reed*, 73 Maine, 129.

The conclusions reached render it unnecessary to consider the other points urged by the plaintiff.

The plaintiff's term of office as driver of hose wagon was legally determined on the thirteenth of April, 1908, and, as no salary was attached to the office of custodian of the fire station, we must find in accordance with the agreement of the parties that there is due plaintiff as wages, as driver of hose wagon, the sum of twenty-two dollars and fifty cents ($22.50), plaintiff having been allowed to serve until the fifteenth day of April, apparently without official notice of his removal. The court at nisi prius is to determine the adequacy of the tender made and to enter judgment for costs accordingly.