# Colton *v.* Price *et al.*

*Bill in Equity by Claimant of County Office, to enjoin Payment of Salary to Incumbent pending Contest of Right to Office.*

1. *Dissolution of injunction on answer of one defendant only.* — When there are only two defendants to the bill, one of whom is a mere stakeholder of the money in controversy, the right to which is litigated between his co-defendant and the plaintiff, the injunction may be dissolved on the answer of the contesting defendant, although a decree *pro confesso* has been taken against the defendant who is a mere stakeholder.

2. *When equity will enjoin payment of salary to incumbent, pending contest of right to office.* — A court of equity will not interfere by injunction, at the instance of a party who claims an office under an election by the people, to restrain the payment of the salary to the incumbent, pending the trial of a contest as to the right to the office, unless the bill shows that an action at law for the salary or fees received by the incumbent would be abortive.

APPEAL from the Chancery Court of Wilcox.

Heard before the Hon. CHARLES TURNER.

The bill in this case was filed by C. C. Colton, the appellant, against Thomas W. Price and D. F. Richards ; and sought to enjoin said Richards, as county treasurer of Wilcox county, from paying to said Price the salary of the judge of the court

[Colton *v.* Price.]

of quarter sessions of said county, pending the trial of a con-
test of the right to said office, under proceedings instituted for
that purpose by said Colton.   On the filing of the bill, an in-
junction was granted as prayed, by Hon. GEO. H. CRAIG,
judge of the criminal court of Dallas county.   Subpœna was
duly served on both of the defendants.   A decree *pro confesso*
was regularly entered against Richards.   Price answered fully,
denying all the allegations of the bill as to the complainant's
right to the office, and demurring to the bill for want of equity.
On the filing of this answer, the chancellor dissolved the in-
junction, on motion of Price, and dismissed the bill for want of
equity ; and his decree on both of these points is now assigned
as error.

WHITE & BOYNTON, for appellant.

S. J. CUMMING, *contra.*

PETERS, C. J. — The injunction was properly dissolved on
the answer of Price.   Richards, the county treasurer, was
merely a stakeholder, and had no personal interest in the mat-
ter in litigation, further than to know to whom to pay the
salary, which he held for the person who might be found en-
titled to the office.   Price was the defendant with whom the
real merits of the case were contested.   He claimed the office
to which the salary was an incident, and rested his claim on an
election by the people, and a commission from the governor.
This gave him a *primâ facie* right to the office.   *Ex parte
Screws*, at January term, 1873.   He answered on oath, and on
his own knowledge of the facts, and denied all the equities of
the bill on which the injunction was granted.   He denied that
Colton was elected by the people, or that he was making any
successful contest for the office claimed by both.   Such an an-
swer was sufficient to justify the dissolution of the injunction.
In such a case, the answer of one defendant is sufficient.
*Y——* v. *Shep—*, 44 Ala. 315 ; *Long* v. *Brown*, 4 Ala. 622 ;
*Dunlap* v. *Clements*, 7 Ala. 539.

2. The bill was properly dismissed for want of equity.   It
does not allege that the remedy at law would be fruitless.
One who, under pretence of an election, receives the fees of an
office belonging to another, may be sued at law, in an action
for money had and received, for the fees or salary which he may
have received.   1 Chitty's Pleadings, 100, n. 2.   Unless it ap-
pears that this action would be abortive, a court of equity will
not interfere.   Such is not the case here.

There is no error in the proceedings of the court below,
which is pointed out in the assignments of error.   The decree is

therefore, affirmed, with costs ; but, the appellant having died since the submission of the cause, the judgment of affirmance will be entered as of the date of the submission.