G. H. LAWRENCE v. J. H. LEIDIGH *et al.*

No. 10858.

INJUNCTION PENDING QUO WARRANTO — *will not be granted to prevent payment of fees and salary to incumbent, though insolvent.* A claimant to a public office, suing for its possession, is not entitled to an injunction restraining the payment to the incumbent of the fees and salary of the office pending the determination of the contest, although such incumbent may be insolvent.

Error from Ford District Court. Hon. Francis C. Price, Judge. Opinion filed November 6, 1897. *Affirmed.*

*F. J. Oyler*, for plaintiff in error.

*E. H. Madison*, for defendants in error.

DOSTER, C. J. The plaintiff in error claimed election to the office of county clerk of Ford County.

His opponent, J. H. Leidigh, one of the defendants in error, received an apparent majority of the legal votes, and qualified, and entered upon the duties of the office. The plaintiff in error thereupon instituted in this court an action in *quo warranto* to secure possession of the office. This action has been determined in his favor. *Lawrence v. Leidigh*, ante, p. 594, 50 Pac. Rep. 600. After commencing the proceeding in *quo warranto*, and before its decision, the plaintiff in error brought, in the District Court an action to enjoin the Board of County Commissioners from paying the salary of the office to the defendant in error, and to restrain him from receiving it, pending the settlement of the controversy by this court. The injunction was refused, and from the order of refusal this proceeding was taken.

The claim of error cannot be sustained. Equity rigidly abstains from interfering in contests for the possession of public offices. It never assumes to determine who is the rightful claimant. Jurisdiction to do that belongs solely to the courts of law. Political questions involve matters of strict, often technical, legal right, and a court of equity, whose judgments are largely discretionary and which always acts with respect to the conscience of cases, is therefore unsuited to the settlement of such controversies. Nor will it, in a proceeding auxiliary or incidental to the main action, lend its process in aid of either contestant, if the object be to hold the functions of the office or the rights of the parties thereto in suspension.

"It may be affirmed as a general and well established rule that equity will not lend its interference in a contest between conflicting claimants to an office to enjoin the incumbent *de facto* from receiving the salary, fees or emoluments pertaining to such office, since such interference would, in effect, practically de-

cide the disputed questions of title involved, and would thus usurp to a court of equity, through its preventive remedy by injunction, a jurisdiction which can only be exercised in a legal forum." High on Injunctions, Vol. 2 ( 3d·ed.), § 1314 ; *Burgess v. Davis*, 138 Ill. 578.

It is, however, alleged that the defendant in error is insolvent, and unable to respond in damages in a suit at law to recover the salary pertaining to the office. Insolvency, it is true, frequently furnishes occasion for action by a court of equity to which it might not otherwise be moved ; but it is not of sufficient moment to justify a departure from the rule of non-interference in election contests. The public welfare demands that a public office be filled by some person ; and if compensation is withheld from the incumbent, pending litigation over his right thereto, much of the inducement to an efficient discharge of the duties of the position is withdrawn, and, in many cases, the ability to· continue the discharge of such duties prevented. Equity, therefore, will not jeopardize the due performance of an important public trust in order merely to secure to one of the claimants the fees and emoluments pertaining to it in the event he should finally succeed in establishing his claim. *Stone v. Wetmore*, 42 Ga. 601 ; *McAllen v. Rhodes*, 65 Tex. 348.

The judgment of the court below will be affirmed.