Edward L. Wilder, *Appellant*, v. C. R. Underwood
*et al.*, *Appellees*.

No. 11,448.*

HEADNOTE BY THE REPORTER.

Injunction—*Election Contest—Right to Public Office.* It was
held that injunction would not lie to contest an election and
determine the right to hold a public office.

Appeal from Saline district court. Opinion filed
July 8, 1899. Affirmed.

*David Ritchie,* for the appellant.

*E. W. Blair,* and *R. A. Lovitt,* for the appellees.

*Per Curiam:* At the recent city election in Salina,
A. W. Purinton and Edward L. Wilder were candidates
for councilman, a position then held by Wilder, and
on the face of the returns made by the election board
Purinton had a majority of the votes cast. Three days
after the election, and before a canvass of the returns
was made, Wilder instituted a proceeding to enjoin a
canvass of the election returns, and also to prevent
Purinton from interfering with his possession of the
office of councilman, upon the alleged ground that
illegal votes were cast and counted for Purinton and
that he (Wilder) was legally reëlected to the office.
An order of injunction was granted by the probate
judge, which the district judge promptly and rightly
set aside as soon as it was brought to his attention.
The plaintiff seeks to contest an election and to have
the right to a public office determined in an injunction
proceeding. This can not be done. "Equity rigidly
abstains from interfering in contests for the posses-
sion of public offices. It never assumes to determine

* This case was not reported in full when the opinion was
filed (see 60 Kan. 859), and is reported here because it is cited
in the case of *Duggan v. Emporia,* ante, p. 429.

who is the rightful claimant." (*Lawrence v. Leidigh,* 58 Kan. 676, 677.)

The ruling of the district court in dissolving the injunction is affirmed.