## C. O. Garmire v. American Mining Co.

1. QUO WARRANTO—*Officers of Private Corporations.*—Quo warranto is the proper remedy to determine whether an election of the directors of a private corporation has been legally held, and whether certain persons claiming to be such directors are lawfully elected.

2. SAME—*Equity Jurisdiction.*—A proceeding by quo warranto is the proper remedy to try title to such offices and to oust intruders therefrom, and when the question of title is the sole subject of controversy a court of equity is without jurisdiction; but where there are other elements in the case which make it proper for a court of equity to intervene, the mere fact that the questions presented make it necessary, for the purpose of such intervention, to determine which of two sets of officers are the lawful officers of a private corporation, will not deter a court of equity from acting.

Quo Warranto.—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1900. Affirmed. Opinion filed July 5, 1900. Rehearing denied.

JEROME PROBST, attorney for appellant.

WALSH BROS. and ROBLIN & SICKLESTEEL, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.
This is an appeal from an interlocutory order, restrain-

ing appellant and others from acting as directors, officers, agents or attorneys of the American Mining Co., a corporation, or for bringing suits, or conducting suits in the name of the corporation, or from taking possession of any of the corporate property, etc.

The injunction was issued upon bill of complaint verified, and upon an additional affidavit, filed upon April 16, 1900, after the filing of the bill of complaint. A motion was interposed by appellee to dismiss the appeal, which motion is based upon a deposition of C. O. Garmire, the appellant, in which he deposes, in effect, that he has no interest in this appeal, and does not care to have it prosecuted in his name. In opposing the motion Garmire filed another sworn statement, in which he deposes that he is prosecuting the appeal in good faith. It is difficult to see how we can determine which of these conflicting statements should be credited. We decline to act upon the showing made. The motion is denied.

Counsel for appellant contend that the bill of complaint is not so verified as to warrant the issuing of the restraining order upon its allegations. We are of opinion that the affidavit filed upon April 16, 1900, and considered by the learned chancellor who issued the order, is sufficient in itself to dispose of the question raised. We are also of opinion that the showing is sufficient to avoid the necessity of notice. The sworn averments as to proceedings had in different suits pending were sufficient to make it appear that there would be danger of prejudice in delay.

The only important and substantial question presented is one which goes to the jurisdiction of the court, and it is a question not without difficulty. The bill of complaint alleges *inter alia* that appellant and other defendants, fraudulently and falsely assuming to be directors of the American Mining Co., a corporation, although not in possession of books or assets of the corporation, have caused suits to be commenced in this jurisdiction and elsewhere against said corporation for claims which are fictitious and unfounded, and are about to permit judgments to be entered, through collusion, against the corporation in such suits.

The only relief prayed for is the enjoining of appellant and other defendants from carrying on said suits, and from acting as directors of said corporation.

It is contended by appellant that a court of equity has no power to determine whether an election of the directors of a private corporation has been legally held, and whether certain persons claiming to be directors are lawfully elected directors.    There can be no doubt that questions as to the election of officers of a private corporation can and should be determined at law and by quo warranto proceeding. Owen v. Whitaker, 20 N. J. Eq. 122; Gilroy's Appeal, 100 Pa. St. 5; Bedford Spring Co. v. McMeen, 161 Pa. St. 639; Carmel N. G. & I. Co. v. Small, 150 Ind. 427; People v. A. & S. R. R. Co., 57 N. Y. 161; Hartt v. Harvey, 32 Barbour 55; Supreme Lodge v. Simering, 41 L. R. A. 720.

The effect of all these decisions is to hold that proceeding by quo warranto is the proper remedy to try title to such offices and to oust intruders therefrom, and that when the question of title is the sole subject of controversy, a court of equity is without jurisdiction.

The rule, which applies as well to questions concerning appointment or election to public office, has been announced in that connection by our own Supreme Court in Burgess v. Davis, 138 Ill. 578.

But while the general rule is as announced by these authorities, yet it is not without qualification to this effect, viz., that when there are other elements in the case which make it proper that a court of equity should intervene, then the mere fact that the questions presented make it necessary, for the purpose of such intervention, to determine which of two sets of officers are the lawful officers of a private corporation, will not deter the court of equity from acting.    Johnston v. Jones, 23 N. J. Eq. 216; Model Bldg. & L. Assn. v. Patterson, 34 N. Y. Sup. 241; Moses v. Thompkins, 84 Ala. 613; Trustees v. Hoessli, 13 Wis. 348.

The substance of all these decisions, and what seems to be the true rule, is stated by the New Jersey court in Johnston v. Jones, *supra*, and is in effect that when in such cases

it is necessary for a court of equity to grant relief by its injunction against fraud or collusion, the injunction will be without prejudice to the right of the parties enjoined to have the question of their title determined in a proper proceeding at law.

There is no doubt that the court here, which issued this injunction, would have had no power to pronounce a judgment of amotion as against appellant and the other defendants, claiming to be officers of this corporation, had they been in possession of the offices. Yet we are of opinion that it had power to grant relief by restraining the entering of judgments for fictitious claims by the collusion of the parties and others. The parties thus enjoined are not *de facto* officers, and have not as yet been declared to be officers *de jure* by a court of law. The order is affirmed.