## Agostino G. Boggiano v. Chicago Macaroni Mfg. Co. et al.

99    509
m202s312

1. OFFICERS—*Of Corporations, When Entitled to Compensation for Extra Services.*—It is well-settled law that an officer of a corporation is not entitled to compensation for the performance of the ordinary duties of his office, in the absence of a prior authorization by the board of directors, but for the performance of duties or services outside of and apart from those imposed upon him by virtue of his office he may recover.

2. CORPORATIONS—*Right of a Stockholder to Cumulate His Vote.*—
The right of a stockholder in a corporation organized under the laws of
this State, to cumulate his vote, is expressly conferred by Sec. 3, Chap.
32 R. S., entitled "Corporations," and his motives in doing so can not
be inquired into.

3. QUO WARRANTO—*Officers of Private Corporations.*—While the
general rule requires trial of the title to office in private corporations
to be at law, and by a quo warranto proceeding, when other elements
exist in the case which make it proper for a court of equity to inter-
vene, such court will not be deterred from determining the question as
to which of the parties are the lawful officers.

**Bill for Relief.**—Appeal from the Superior Court of Cook County;
the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch
Appellate Court at the October term, 1900. Affirmed, at appellee's
costs. Opinion filed January 21, 1902.

**Statement.**—The appellee corporation was engaged in
the business of manufacturing and selling macaroni. Its
capital stock consisted of 1,000 shares of $10 each, of which
501 shares were subscribed for and issued to the appellant,
Agostino Boggiano, 498 shares were subscribed for and
issued to G. Ucello, and one share was subscribed for by
another party but never paid for or issued to him. At the
first meeting of the board of directors, Agostino Boggiano
was elected president and treasurer.

On October 13, 1894, Ucello sold all his stock and trans-
ferred his certificates to the appellee Frederick P. Read,
who continued to hold them, with the exception of ten
shares transferred by him to Anthony G. Boggiano.

The corporation did not prosper very well, and subse-
quently the appellee Read objected to any pay being
received by Agostino G. Boggiano as president, and differ-
ences ensued. At a regular meeting of stockholders called
for and held January 4, 1897, all the stockholders were
present, Agostino G. Boggiano being chairman and Fred-
erick P. Read being secretary thereof. Boggiano, Read
and G. Ucello were nominated for directors, and ballots
were cast and delivered to Read, the secretary, who counted
them and announced the result of the vote, as follows:
Read, 1,286 votes; G. Ucello, 689 votes, Agostino Boggiano
and Anthony G. Boggiano each 511 votes.

This result was attained through Read cumulating the votes he was entitled to cast. Boggiano thereupon adjourned the meeting summarily, and a few days later called another meeting to complete the business of the first meeting. At the adjourned meeting, himself, Read and Anthony G. Boggiano were declared elected directors. Controversy arose between the two sets of officers and this bill was filed.

THATCHER & GRIFFEN and W. S. COY, attorneys for appellant.

PEDRICK & DAWSON, attorneys for appellees.

MR. JUSTICE WATERMAN delivered the opinion of the court.

The first question argued by appellant is the right of appellant to receive compensation for the performance of duties outside of the office of president, treasurer or director.

It is well settled law that an officer of a corporation is not entitled to compensation for the performance of the ordinary duties of his office, in the absence of a prior authorization by the board of directors. Emporium Real Estate & Manufacturing Co. v. Emrie, 54 Ill. 345; Illinois Linen Co. v. Hough, 91 Ill. 63; Ellis v. Ward, 137 Ill. 509; Brown v. DeYoung, 167 Ill. 549; St. Louis, Alton & Springfield R. R. Co. v. O'Hara, 177 Ill. 525; Fritz v. Equitable B. & L. Society, 186 Ill. 201.

But for the performance of duties or services outside of and apart from those imposed upon him by virtue of his office he may recover. Above cited cases, and Cheeney v. Lafayette, B. & M. Ry. Co., 68 Ill. 570; Rockford, R. I. & St. Louis R. R. Co. v. Sage, 65 Ill. 329.

The trial court found that Boggiano, while acting as president and treasurer of the corporation, rendered services to it which were outside and beyond his ordinary duties as managing officer, and practically devoted all of his time to the business of the corporation, and that he was equitably entitled to be allowed compensation for a portion thereof, and decreed accordingly. The by-laws of the corporation

authorizing salaries to be paid, and the services being rendered under an oral agreement with the only other stockholder and director, that Boggiano should receive pay therefor, we will not disturb the finding of the court in that regard, although the directors never formally authorized the payment to be made to him, the same being reasonable in amount.

We hardly know, from appellant's brief, whether he contends against that portion of the decree finding that the election of officers at the stockholder's meeting, January 4, 1897, was complete. We think the decree in that respect is clearly right. The meeting was regularly convened. It could not have been adjourned except by the act of the meeting itself. 1 Thompson on Corporations, Sec. 720.

The right of appellee Read to cumulate his vote is one that is expressly conferred by the statute (Sec. 3, Chap. 32, R. S., entitled Corporations), and his motive in doing so can not be inquired into, his *bona fide* ownership of his shares, voted on, being conceded. 3. Thompson on Corporations, Sec. 3870.

Concerning the question of the right of the trial court to inquire into and determine which of two sets of officers are the lawful officers of the corporation, see the case of Garmire v. American Mining Company, 93 Ill. App. 331. It is there held that while the general rule requires trial of the title to office in a private corporation to be at law, and by a quo warranto proceeding, yet when there exist other elements in the case which make it proper for a court of equity to intervene, that court will not be deterred from acting on the question which of the officers are the lawful officers. Such is the case before us. Nor was there any error in joining the corporation with Read, the stockholder in the suit. (Bruschke v. Chicago Schuetzen Verein, 145 Ill. 433.)

The part of the decree that orders appellant to pay the fees of the stenographer on the taking of depositions before the master, is erroneous (Schnadt v. Davis, 185 Ill. 476), and in that respect the decree is modified, but in all other respects is affirmed, but at appellees' costs.