## HARRY J. AKE,

### *vs.*

## WILLIAM H. BOOKHAMMER, RUFUS D. LINGO, JR., and WILLIAM E. VALLIANT, composing the Levy Court of Sussex County.

### *Sussex, Dec. 29, 1922.*

A bill setting forth the requirement of 28 *Del. Laws, c.* 76, § 19, that the County Engineer shall be a graduate of some reputable engineering college, and charging that the Levy Court of the county had appointed as acting engineer one who was not a graduate of any college, and was paying to him the salary prescribed for the County Engineer, which payment was unauthorized and was prayed to be enjoined, is a bill attacking the right of the individual to hold the office of County Engineer, and not to restrain the payment of county funds to maintain an office not authorized by law.

The fact that an appointee of the Levy Court, who was not qualified under the statute to hold the office of County Engineer, was designated as "acting" County Engineer, but was performing the duties and receiving the compensation of the County Engineer, does not establish that he was not filling the statutory office of County Engineer.

QUERE. When the Legislature defines the term of an office as four years, can the appointing power curtail the term thus fixed by appointing for a less period?

The fact that a person not qualified under the statute to hold an office was designated to fill that office for less than the statutory term does not permit the issuance of an injunction against payment of the salary of the office to that individual, on the theory that the suit was to prevent the maintenance of an office not authorized by statute, and not to attack qualifications of the appointee to a statutory office.

Where a person not qualified under the statute to hold the office is occupying the office, the law supplies an adequate remedy by *quo warranto* to oust him, and equity has no jurisdiction by way of injunction against payment of his salary to pass upon the question of his right to office.

The office of County Engineer created by 28 *Del. Laws, c.* 76, § 19, is an office concerning which *quo warranto* may be instituted to test the qualifications of an incumbent to hold the office.

Where a person is in possession of office by color of appointment from the Levy Court, performing its duties and enjoying its emoluments, though as a fact he is disqualified to hold it *de jure*, he is a *de facto* officer, and equity will not entertain a bill to restrain payment of his salary, because to do so would involve a determination of his title to the office, which can be conveniently and adequately determined at law.

The eligibility of an appointee to hold the statutory office of County Engineer can be tried only in a direct proceeding to which the alleged officer is a party.

The appointee to the statutory office of County Engineer is an indispensable party to a bill seeking to restrain the Levy Court from paying the salary of such officer on the ground that he is not qualified to hold the office.

INJUNCTION BILL. The bill was filed by the complainant, who alleges that he is a taxpayer of Sussex County, against the defendants who are the Levy Court Commissioners of that County. The act creating the Levy Court is found in *Chapter* 76, *Vol.* 28, *Laws of Delaware.* The Levy Court is the body vested by the law with administrative supervision over the affairs of the county, and particularly over the county road system. The act referred to (*Section* 19) provides *inter alia*, as follows:

"During the month of January in the year nineteen hundred and seventeen, and every four years in said month thereafter, the Levy Court shall appoint a competent civil engineer, who shall be a graduate of some reputable engineering school or college, and who shall have had at least two years' experience in practical road building, to be County Engineer of Sussex County. The County Engineer so appointed, shall hold office for the term of four years, ending always on the first Tuesday in January. He shall be paid an annual salary of Enighteen Hundred Dollars, in equal monthly installments.

The bill alleges that a County Engineer, possessing the qualifications defined by the statute was duly elected in the month of January, 1917, for the term expiring on the first Tuesday in January, 1921, and that since said last-mentioned date the Levy Court has failed, neglected and refused to appoint a County Engineer in accordance with the provisions of the statute above quoted.

It is further charged in the bill that on August 9, 1921, the Levy Court elected one Robert Clark Hill "as Acting County Engineer of Sussex County until December 31, 1921"; that on December 20, 1921, the Levy Court, consisting of the three defendants, by a majority vote elected the said Hill "as Acting County Engineer for the year 1922"; and that the said Hill is not "a graduate of some reputable engineering school or college, the same being the necessary qualification of the County Engineer to be elected under the provisions of" the act; but notwithstanding the fact that Hill lacks the qualifications perscribed by the act,

"he has continued to the present time to act as County Engineer of Sussex County," and has been paid the salary provided by the act "to be paid to the County Engineer of Sussex County possessing the qualifications herein recited." "The salary so paid to the said Robert Clark Hill as County Engineer of Sussex County," the bill charges, is paid out of the funds of the county raised by county taxes. Further, it is alleged, that in paying to Hill "the salary of $1,800 per year provided by the said *Chapter* 76, *Volume* 28, *Laws of Delaware*, to be paid to the Couty Engineer of Sussex County" the defendants, composing the Levy Court, "have exceeded their power as such Levy Court, and that said payment is an illegal expenditure and disposition of the moneys collected from the citizens and taxpayers of Sussex County, including your orator, for county purposes and contrary to the provisions of the hereinabove referred to act of the General Assembly of the State of Delaware, creating the office of the County Engineer for Sussex County."

Wherefore the bill prays an injunction, restraining the defendants from drawing warrants for the payment to Hill of the amount authorized to be paid as salary to the County Engineer, or for the payment of any of the county's funds either to him as Acting County Engineer, or to any other person who does not possess the qualifications required by the laws of the State of Delaware to be possessed by the County Engineer.

Robert Clark Hill is not made a party to the bill.

The defendants have demurred to the bill and urge three grounds of demurrer as follows:

1. There is an adequate remedy at law.

2. Robert Clark Hill, an indispenable party, is not made a party.

3. The complainant, a taxpayer, has shown no injury special or peculiar to himself, and hence has no interest entitling him to sue.

*Robert G. Houston*, for the complainant.

*Daniel J. Layton*, for the defendants.

THE CHANCELLOR. Solicitors for the parties have submitted their argument upon the demurrer on briefs. A reading of the

briefs discloses a marked difference of view between the opposing sides as to the theory and nature of the case which the bill sets up.

The defendants view the complaint as one made against the eligibility of Hill as County Engineer because he does not possess the qualifications prescribed by the statute as necessary for one appointed by the Levy Court to that office, and the consequent illegality of the payment to him of the salary attached by the law to it. This being the proper aspect of the case, they contend that the bill seeks to try in a Court of Chancery the right of Hill to occupy the office.

The complainant, however, insists that the bill does not seek to try Hill's title to the office of County Engineer; that it does not charge that Hill is in possession of such office; that the office he is charged with occupying is that of "Acting County Engineer"; that there is no such office as "Acting" County Engineer; and that the payment to him of a salary therefor has no warrant in law and is consequently an illegal expenditure of the money of taxpayers.

Which of these two views is the correct one, must be determined by the court. The statement of the case which precedes this opinion gives a complete synopsis of the bill and paraphrases all its material contents. It would, therefore, be superfluous to recite the bill's allegations again at this point. After full consideration I am clearly of the opinion that the gravamen of the case is Hill's alleged inability to meet the qualifications prescribed by the statute as necessary for County Engineer of Sussex County. I am at a loss to explain the allegations in the bill on any other theory. The bill shows that Hill is performing the duties of the office of County Engineer and is drawing the salary as such, and the sole objection made by the bill is that he does not possess the statutory qualifications specified for that office. If the true theory of the bill is that it complains against disbursing county funds to maintain an office not authorized by law (the so-called office of *Acting* County Engineer), as is contended by the complainant, then almost every paragraph of the entire bill is irrelevant to the ground of complaint, for surely, if such be the theory of the case, all the allegations with reference to the statutory office of County

Engineer,. the qualifications required of its incumbent, its salary and Hill's connection therewith, are as foreign to such theory as would be a like detailed recital with respect to any other office. The complainant refers to paragraph nine of the bill as showing "the real and only reason advanced by the bill for the relief sought." That paragraph is as follows:

·  ·  ·"Ninth: Your orator, therefore, avers that in paying to the said Robert Clark Hill the salary of Eighteen Hundred Dollars per year, provided by the said *Chapter* 76, *Volume* 28, *Laws of Delaware*, to be paid to the County Engineer of Sussex County, or any part thereof, the said William H. Bookhammer Rufus D. Lingo, Jr., and William E. Valliant, composing the Levy Court of Sussex County, have exceeded their power as such Levy Court, and that said payment is an illegal expenditure and disposition of the moneys collected from the citizens and taxpayers of Sussex County, including your orator, for county purposes and contrary to the provisions of the hereinabove referred to act of the General Assembly of the State of ˙ Delaware, creating the office of the County Engineer for Sussex County."

The thought gathered from a casual reading of this paragraph is confirmed by a more attentive consideration of it as being, that the illegality in paying Hill the salary consists, not in the fact that the Levy Court is paying money to maintain an office not authorized by law, but in paying the salary of County Engineer, an office created by statute, to a man who was appointed contrary to the provisions of the statute wherein the qualifications for the office are defined. That is to say, the illegality of the payment consists in paying the salary of County Engineer to a man who lacks the statutory qualifications for the office. This appears to me as the clear purport and meaning of the ninth paragraph, the paragraph to which the complainant points as showing "the real and only reason advanced by the bill for the relief sought." Any other meaning would not only not be justified by the language employed, but would also be entirely inconsistent with all the remaining allegations of the bill.

The complainant lays great stress upon the word "acting" as indicating that when used in the phrase "Acting County Engineer" it describes an office entirely different from the office of County Engineer created by the statute. For instance, he urges that if *quo warranto* were instituted to oust Hill from the office of County Engineer, the writ would be defeated by the defense that he was

not occupying *that* office. The bill, however, alleges that "he has continued to the present time to act as County Engineer of Sussex County," and has been paid the salary as such. The fact that he was chosen as "Acting" County Engineer cannot alter the fact that he was occupying the office described by the statute as County Engineer. I attach no significance to the word "acting." It can be nothing more than surplusage. If Hill, by reason of inability to meet the statutory qualifications, cannot lawfully occupy the office of County Engineer, the fact that his appointment to it is described as "acting" could not in reason be said to constitute a sufficient defense to a proceeding which calls on him to show by what right or title he occupies the office. If he is in the office, performing its duties and drawing the salary, it matters not whether his occupancy is described as "acting" or "temporary," or for the full term. Suppose a properly qualified person were appointed County Engineer for the full term of four years, instead of for the year 1922, and the Levy Court in appointing him had prefixed to his appointment the word "acting." Could it be successfully contended that the introduction of that word would have turned the office to which he had been appointed into an extra-statutory one?

The bill alleges that the term of office of County Engineer is fixed by the statute as four years, and that Hill was appointed only for one year, first for the portion of 1921 from August to December 31st, and then again for the year 1922. Thus Hill was appointed for a term less than that prescribed by the statute. The complainant on his brief lays no particular stress upon this circumstance. What effect such an appointment may have on Hill's rights, I am not called upon to decide. There may be some room to contend that the attempt by the Levy Court to place such a limitation on the term of his appointment is ineffectual, for the reason that, the Legislature having defined the term as four years, it is beyond the power of the Levy Court to curtail the term to less than that period. *People v. Case, et al.,* 19 *N. Y. Supp.* 625; *Clark v. State ex rel. Graves,* 177 *Ala.* 188, 59 *South.* 259; *State ex rel. Boone County Attorney v. Willott,* 103 *Neb.* 798, 174 *N. W.* 429; *Stadler v. Detroit,* 13 *Mich.* 346; *Brewer v. Davis,* 9 *Humph. (Tenn.)* 208, 49 *Am. Dec.* 706; *Hale v. Bischoff,* 53 *Kan.* 301, 36 *Pac.* 752; *State*

*ex inf. Hadley v. Corcoran*, 206 *Mo.* 1, 103 *S. W.* 1044, 12 *Ann. Cas.* 565. See, also, *State v. Brady*, 42 *Ohio St.* 504.

If, under the circumstances, therefore, Hill was as a matter of law appointed for the full term of four years notwithstanding the attempt of the Levy Court to narrow his term to one year, then, of course, nothing can be made of the employment of him for the shorter time. His situation would then be as in the case just supposed, viz., where a person has been appointed "Acting" County Engineer for the full term in which case, as before indicated, he would be occupying the statutory office and not one outside the statute.

But, whatever might be the true view to take with respect to the length of the term of Hill's appointment, whether it be for the full period of four years, or for the less period of one year, I am satisfied that the result is the same. For in either case, the bill shows that he is occupying the statutory office of County Engineer, not a new office created without authority by the Levy Court. I apprehend that, assuming equity has jurisdiction to enjoin the payment of the salary, yet it would never do so if the sole objection were that the officer to whom the salary is payable was appointed for less than the full statutory term of the office. The officer might have some right to assert objection to such a curtailment of the office, and it may well be that the public might have some right by way of mandamus (26 *Cyc.* 251) to compel the appointing body to fill the office for the full term, if its action had not already in law been equivalent to a full term appointment. But it would seem clear that the fact that an appointment is made for one year when it should have been for four years can supply no justification for an appeal to the injunctive process of this court to stop the payment of the salary.

Having reached the conclusion that the bill charges that Hill is in occupancy of the statutory office of County Engineer by appointment from the Levy Court, and that the attempted restriction of his term to one year is of no present significance, it is now in order to pass upon the questions of law applicable to the situation as raised by the demurrer.

It is urged that if Hill is disqualified to hold the office, the law supplies an adequate remedy by way of *quo warranto* to oust

him, and that equity has no jurisdiction by way of injunction against payment to him of his salary, to pass upon the question of his right to hold the office. If Hill does not possess the qualifications specified by the statute, he of course cannot hold the office. *Quo warranto* would successfully lie against him (*State ex rel. Wolcott v. Kuhns*, 4 *Boyce*, 416, 89 *Atl.* 1). The complainant cites authorities to the effect that Hill is not such a public officer as against whom *quo warranto* would lie. If by this he means that there is no such officer as "Acting County Engineer," then what has already been said is sufficient answer to the suggestion. If, however, he means that the statutory office of County Engineer of Sussex County is not an office of a kind concerning which *quo warranto* may be instituted, then I am constrained to disagree with his contention. There is, therefore, an adequate remedy at law for trying Hill's right to hold the office of County Engineer of Sussex County. While he is in possession of the office by color of appointment from the Levy Court, performing its duties and enjoying its emoluments, though as a fact he may be disqualified to hold it *de jure*, yet he is a *de facto* officer. And equity will not entertain a bill to restrain payment to him of the salary, because to do so would involve a determination of the question of his right and title to the office, a question which can be conveniently and adequately determined at law. Courts of equity have been uniform in taking this view. *Colton v. State*, 50 *Ala.* 424; *Lawrence v. Leidigh, et al.*, 58 *Kan.* 676, 50 *Pac.* 889; *Burgess v. Davis*, 138, *Ill.* 578, 28 *N. E.* 817; *Lavin v. Commissioners of Cook County*, 245 *Ill.* 496, 92 *N. E.* 291; *Greene v. Knox, et al.*, 76 *App. Div.* 405, 78 *N. Y. Supp.* 779, affirmed 175 *N. Y.* 432, 67 *N. E.* 910.

The real question in the case before me is the eligibility of Hill to hold the office in question. That question can be tried only in a direct proceeding to which the alleged officer is a party. This is in obedience to the general rule applicable to the subject. 29 *Cyc., page* 1380. Numerous cases, in addition to those cited *supra* where the rule operates against restraining the payment of the salary, illustrate it. *Tappan v. Gary*, 9 *Paige*, 507, affirmed 7 *Hill* 259, and *Stone v. Wetmore*, 42 *Ga.* 601, where a claimant who was out of the office sought to enjoin the incumbent from receiving the fees, etc., both follow the general rule and deny the relief. So

also *Lee v. Wilmington*, 1 *Marv.* 65, 40 *Atl.* 663; *Leonard v. Terre Haute*, 48 *Ind. App.* 104, 93 *N. E.* 872; *Stuart v. Ellsworth*, 105 *Me.* 523, 75 *Atl.* 59, and *State ex. rel. Gordon v. Moores*, 70 *Neb.* 56, 99 *N. W.* 504; all hold that right to an office cannot be tried in a suit for salary by one who is not in office, there being a *de facto* incumbent. Likewise where a *de facto* officer sues for the salary the question of his title to the office cannot be collaterally questioned. *Board of Commissioners v. Wheeler*, 39 *Colo.* 207, 89 *Pac.* 50; *North v. City of Battle Creek*, 185 *Mich.* 592, 152 *N. W.* 194. It is unnecessary to burden this opinion with the citation of authorities illustrating other applications of the rule. The textwriters are in accord with the cases, which hold that the title to office must be tried in a direct proceeding instituted for that purpose to which the incumbent is a party. *Bispham's Principles of Equity*, (*9th Ed.*) § 37, p. 61; *High on Injunctions*, (*4th Ed.*) 1312, *et seq.*

I do not feel disposed to amplify this point further. It appears too well settled by authority to warrant further discussion. Indeed the complainant seems to concede that if Hill is occupying the office of County Engineer, created by statute, and is not occupying one statutorily non-existent, the only proceeding in which his title can be questioned is the legal one of *quo warranto*. I have examined the authorities cited by the complainant and find none of them (the status of Hill being fixed as occupying the statutory office of County Engineer) to hold that this court would be justified in issuing the injunction prayed for. Such of them as seem to bear at all upon the question here discussed, contain language in harmony with the views hereinabove expressed: I refer particularly to the Pennsylvania cases cited by the complainant, of *Hagner v. Heyberger*, 7 *Watts & S.* 104, 42 *Am. Dec.* 220; and *Commonwealth ex rel. Hunter v. Smail*, 238 *Pa.* 106, 85 *Atl.* 1088, *Ann. Cas.* 1914C 326.

On the ground, therefore, that it is improper in this proceeding to try the question of Hill's right to the office, the remedy at law by way of *quo warranto* being not only adequate but peculiarly proper, the demurrer should be sustained.

Taking this view it is not necessary for me to proceed to a consideration of the other points raised by the demurrer. They

are two in number, first, that Hill is a necessary and indespensable party, the right to his office being the gravamen of the complaint; and second, that the complainant has no interest entitling him to sue. On the first, there can be no doubt that Hill should be made a party, or the bill dismissed. On the second, I incline to the view that it is well taken. Though I confess I have not examined the point sufficiently to warrant a positive opinion with respect to it. In the view I have taken of what is conceived to be the main question, I conceive that it is not necessary for me to fully examine this one.