## Spurlock, et al. v. Lafferty.

(Decided May 7, 1926.)

### Appeal from Floyd Circuit Court.

1. **Municipal Corporations—Citizen and Taxpayer Cannot Maintain Suit to Enjoin Payment of Salary to City Marshal, Appointed According to Law, on Ground that he is Ineligible (Kentucky Statutes, Sections 3616, 3625; Civil Code of Practice, Sections 480-485).** —Citizen and taxpayer cannot maintain suit to enjoin payment of salary to city marshal of city of fifth class, appointed by city council according to Kentucky Statutes, section 3616, on ground that he was ineligible under section 3625, since such marshal is de facto officer, and trial would involve trial of title to office, which can only be maintained by attorney general, Commonwealth's attor-

ney or person entitled to office, in view of Civil Code of Practice, sections 480-485.

2.    Municipal Corporations—Action Cannot be Maintained by Taxpayer to Enjoin Payment of Salary to City Marshal on Ground that he is Ineligible, Since Statute Affords Adequate Remedy at Law (Kentucky Statutes, Section 3625; Civil Code of Practice, Sections 480-485).—Equitable action cannot be maintained by citizen and taxpayer to enjoin payment of salary to city marshal of city of fifth class, on ground that he is ineligible under Kentucky Statutes, section 3625, since Civil Code of Practice, sections 480-485, afford adequate remedy at law, notwithstanding action at law must be brought by attorney general, Commonwealth's attorney or person legally entitled to office.

3.    Municipal Corporations—Judgment Enjoining Payment to Deputy Marshal in City of Fifth Class of Salary Payable from City Treasury Held Proper (Kentucky Statutes, Section 3629).—Judgment enjoining payment to deputy marshal in city of fifth class of salary payable from city treasury held proper, in view of Kentucky Statutes, section 3629, limiting compensation to fees for service of process.

4.    Municipal Corporations—Ordinance of City of Fifth Class, Providing for Payment of Salary of Deputy Marshal from City Treasury, Held Invalid (Kentucky Statutes, Section 3629).—Ordinance of city of fifth class, providing for payment of salary of deputy marshal from city treasury held invalid, in view of Kentucky Statutes, section 3629, limiting compensation to fees for service of process.

C. B. WHEELER and F. P. BELL for appellants.

J. B. CLARKE for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming as to James Sizemore and reversing as to Jake Spurlock, et al.

In this action, the appellee, a citizen and taxpayer of the city of Prestonsburg, which is a city of the fifth class, sought to have it adjudged that the appellant, Jake Spurlock, was ineligible to hold the office of city marshal of the city of Prestonsburg, to which he had been appointed by the proper body of that city, and further that he and the deputy appointed by him, the appellant James Sizemore, be adjudged to be usurpers in their respective offices; that they be enjoined and restrained from acting as such officers, and that their coappellants, one of whom is the city treasurer and the rest of whom compose the city council of Prestonsburg, be enjoined from paying Spurlock and Sizemore the salaries attached to their

offices. Appellee's suit was bottomed on the proposition that the appellant Spurlock, at the time of his appointment to the office of city marshal, was not eligible to hold that position in that he was neither a resident nor an elector of the city of Prestonsburg at the time of his appointment as required by section 3625 of the Kentucky Statutes; that, being ineligible, his appointment was void and that therefore he had no right to appoint his coappellant a deputy. It appeared in the petition that the city had by ordinance attached a salary of $100.00 a month to the office of city marshal, and a salary of $50.00 a month to that of the deputy marshal. The court granted the appellee *in toto* the relief he sought, and from that judgment this appeal is prosecuted.

It is insisted by the appellants that this action is essentially an action to try title to an office, and that therefore the appellee, as a citizen or taxpayer, cannot maintain it; that the only one who has a right to bring a suit to try title to an office is the person who claims to be entitled thereto or the Commonwealth through its attorney general or Commonwealth's attorneys. In support of this position they cite Civil Code, sections 480 to 485, inclusive, and the cases of Wheeler v. Commonwealth, 98 Ky. 59, 32 S. W. 259; Wilson v. Tye, 126 Ky. 34, 102 S. W. 856; King v. Kahne, 87 S. W. 807; Anderson v. Fowler, 180 Ky. 587, 203 S. W. 322, which cases support the quoted sections of the Code and sustain the general proposition that a private citizen and taxpayer has no right to maintain an action to oust an usurper from office, and that it is only the attorney general, the Commonwealth's attorney or the person entitled to the office who may maintain such a suit. Appellee, while conceding this proposition, yet says that he is not attempting to oust the appellant from his office but is only trying to prevent the unlawful diversion of municipal funds which appellants propose to do by paying the salaries in question to persons ineligible to hold their respective offices. The appellee, however, recognized the inherent difficulty in his position when in the prayer of his petition, and in the judgment which the court entered, he had first to pray, and the court had first to adjudge, that Spurlock was ineligible to hold the office he then filled and was an usurper therein.

The office of city marshal of cities of the fifth class is created by section 3616 of the statutes, and his eligi-

bility is defined by section 3625. Spurlock was appointed to this office by the city council of Prestonsburg according to the forms of laws, and thereupon entered upon the discharge of his duties.

That Spurlock was not an usurper but at least a *de facto* officer is clear under the opinion of this court in Eubank v. Commonwealth, 31 Ky. L. R. 746, 103 S. W. 368. May then a citizen and taxpayer enjoin, in an action of this sort, the payment to a *de facto* officer of the salary attaching to the office he is filling where the granting of such relief must necessarily involve a trial of the title to the office? That he may not do so seems clear to us because otherwise the citizen and taxpayer could do indirectly what the authorities relied on by appellant, *supra,* say he cannot do directly. Further, it is a fundamental proposition of equity jurisprudence that relief by injunction will not be granted when there is an adequate remedy at law. There being an adequate remedy at law under the provisions of Civil Code, sections 480 to 485 inclusive, to oust Spurlock from the office he holds, if he be ineligible to hold it, the relief here sought ought to be denied. But, it may be urged, this relief at law is not available to appellee but only to the attorney general, Commonwealth's attorney, or the person who is legally entitled to the office in question, and hence this principle of equity has no application. However, when the attorney general or Commonwealth's attorney brings a suit to oust him who is not entitled to hold the office he does, he represents all the public, and the appellee, being one of such public, is necessarily represented. It is not to be presumed that either of these officers will not do his duty when the matter is called to his attention. Therefore, although the appellee may not bring a suit himself under sections 480 to 485 of the Code, yet such a suit may be brought by one who represents him as well as all the rest of the public, and therefore there is an adequate remedy at law.

While no authority from this state on the exact question here involved has been cited to or found by us, yet there is abundant authority to be found elsewhere supporting this conclusion. In the case of Greene v. Knox, 175 N. Y. 432, it was sought to enjoin the payment of salaries to certain police officers whose appointment was concededly valid in form, but claimed to be invalid in fact, just as the appointment of the appellant Spur-

lock in this case was valid in form but claimed to be invalid in fact because of his alleged ineligibility. In this New York case the court, after stating that the proceeding by *quo warranto* was the proper and appropriate remedy for trying and determining title to public office, and for removing an incumbent who has usurped it, or claims it by an invalid election, then goes on to point out that the injunctive relief asked for involved the question of the title to office which was not collateral or incidental, but, on the contrary, was the central and pivotal question in the case. Remarking that the invalidity of the policemen's election had to be established if at all by affirmative proof of facts *de hors* the record, the court then said:

> "Until defendants' apparently regular titles to their offices are impeached, there is no principle of law or justice under which the defendants can be deprived of their salaries. The salary of an office is property, the right to which depends upon the right to the office, and the former cannot be constitutionally taken away until the latter is destroyed. These suggestions, we think, suffice to show the untenability of the claim that the defendants' right to their salaries can be adjudicated without passing upon the question of their titles to office."

In Ake v. Bookhammer, 119 Atl. 238, the court of chancery of Delaware had before it this case: Ake, a citizen and taxpayer, brought an injunction suit against the levy court (which, we take it, corresponds to our fiscal court) to prevent it from paying one Hill his salary as county engineer, to which office he had been elected by the levy court. The bill in equity claimed that Hill was ineligible to hold the office because he was not a graduate of an engineering school, as required by the act creating the office. The court refused the injunction asked, holding that the proper remedy was to oust Hill by *quo warranto* proceedings. The court said:

> "While he (Hill) is in possession of the office by color of appointment from the levy court, performing its duties and enjoying its emoluments, though as a fact he may be disqualified to hold it *de jure,* yet he is a *de facto* officer. And equity will not entertain a bill to restrain payment to him of the salary, because to do so would involve a determina-

tion of the question of his right and title to the office, a question which can be conveniently and adequately determined at law. Courts of equity have been uniform in taking this view. Colton v. State, 50 Ala. 424; Lawrence v. Leidigh, et al., 58 Kan. 676, 50 Pac. 889; Burgess v. Davis, 138 Ill. 578, 28 N. E. 817; Lavin v. Commissioners of Cook County, 245 Ill. 496, 92 N. E. 291; Greene v. Knox, et al., 76 App. Div. 405, 78 N. Y. Supp. 779, affirmed 175 N. R. 432, 67 N. E. 910.''

In the case of Kucharski v. Harrison, 264 Ill. 563, the Supreme Court of Illinois reached a like result.

In Dillion on Municipal Corporations, 5th edition, section 489, the same principle of law is laid down. By means of that excellent device of the key number, there may be found in the American Digest System, title ''Officers,'' key number 82, a number of other authorities supporting this proposition.

It is obvious that the city of Prestonsburg had the right to appoint an eligible party to the office of city marshal and pay him the salary here in question. It did appoint Spurlock to that office according to the forms of law. The only reason, then, that the payment of this salary could be enjoined in this case is because Spurlock is ineligible to hold that office, which fact, if true, must be shown by evidence *de hors* the record of his appointment. It therefore results that the pivotal question in this case is the title to the office. But this question on principle and authority, as we have seen, cannot be determined in this character of action. The court, then, should have sustained the demurrer of the appellant Spurlock to the appellee's petition and dismissed the same.

However, as to the appellant Sizemore, the judgment of the court enjoining the payment to him of the salary of $50.00 per month from the city treasury will have to be affirmed, but not for the reason given by the chancellor. The right to appoint deputy marshals is vested in the marshal of cities of the fifth class by section 3629 of the Kentucky Statutes, which, among other things, provides:

''He (the marshal) may appoint, subject to the approval of the city council, one or more deputies for whose acts he and his bondsmen shall be respon-

sible, whose only compensation shall be fees for service of process, which shall be the same as those allowed the city marshal.''

It thus appears that the statutes prescribe that the only compensation which the deputy marshal shall receive is the fees therein described. Here, though, the city undertook by ordinance to allow the deputy marshal a salary of $50.00 per month. We have not been able to find any statutory authority for this action on the part of the city. The ordinance, therefore, insofar as it allowed this salary of $50.00 a month is invalid. The title to the office of deputy marshal is not involved in this question. We have to decide only whether or not the city had the right to vote the deputy marshal, conceding that he rightfully holds the office, a point not decided, the salary in question. This authority, as we have seen, it did not have.

For the reasons herein stated, insofar as the judgment of the lower court enjoined the payment to Sizemore of the salary of $50.00 per month, it is affirmed. In all other respects it is reversed, with instructions to dismiss the appellee's petition as to all relief sought except the enjoining of the payment to Sizemore of the salary of $50.00 a month.